**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANK THEATRES BAYONNE/SOUTH COVE, LLC., *et al.*,[1] | Case No. 18-34808 (SLM) |
| | (Joint Administration Requested) |
| Debtors. | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE
DEBTORS' TIME TO FILE THEIR SCHEDULES AND STATEMENTS**

The above-captioned debtors and debtors in possession (the "Debtors" or the "Company"), by and through their undersigned proposed counsel, hereby submit this motion (the "Motion") for entry of an order, substantially in the form submitted herewith, extending the time within which the Debtors must file their schedules of assets and liabilities (including schedules of executory contracts and unexpired leases) and statements of financial affairs (collectively, the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

"Schedules and Statements") required pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Christopher Lang in Support of First Day Relief* (the "First Day Declaration"),[2] filed with the Court contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, and Bankruptcy Rules 1007 and 9006(b).

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed in these Chapter 11 Cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5. The Debtors operate pure play movie theaters, combination movie theatre/family entertainment complexes, and pure play family entertainment complexes in six (6) east coast states—New Jersey (including theaters located in Bayonne and Rio Grande), Florida, North Carolina, South Carolina, Pennsylvania, and Virginia—under the brand names Frank Theatres, CineBowl & Grille, and Revolutions. The Company operates 15 movie theater and/or family entertainment venues broken down as follows: (a) nine (9) pure play movie theatres in the six aforementioned states under the Frank Theatres name, (b) three (3) combination movie theatre/family entertainment complexes in Florida, North Carolina, and Virginia under the CineBowl & Grille marquee, and (c) three (3) family entertainment complexes in three (3) states (Florida, South Carolina, and Pennsylvania) under the Revolutions brand name.

6. The Company's Frank Theatres cinemas include 141 total screens, while each theater generally has 8-12 screens, offers stadium seating, 4k digital and 3D capable projection, Dolby® Digital surround sound, advance ticketing features and standard theater concessions. Certain locations also offer IMAX® or THX® technology and enhanced concessions, which include beer/wine and premium restaurant-style food. Frank Theatres, including its predecessor, is one of the oldest continuously operating movie theatre chains in the United States.

7. The Company's CineBowl & Grille concept, the first of its kind in the United States, combines a traditional stadium seating movie theater with bowling, a redemption arcade, and a captive casual dining restaurant/bar under one roof. Likewise, the Company's Revolutions concept combines bowling, a redemption arcade, billiards, a stadium-style live TV venue, live entertainment, and a captive casual dining restaurant/bar all under one roof.

8. Additional details regarding the Debtors' businesses and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration,

which was filed contemporaneously with this Motion and is incorporated herein by reference.

## RELIEF REQUESTED

9. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), a chapter 11 debtor is required, within fourteen (14) days from the date of filing its petition, to file its Schedules and Statements. By this Motion, the Debtors seek an extension of time to file their Schedules and Statements for an additional thirty (30) days without prejudice to their rights to seek additional extensions of this deadline, which will provide the Debtors with a total of forty-four (44) days after the Petition Date to file their Schedules and Statements. Therefore, the Debtors seek an extended deadline to file the Schedules and Statements of February 1, 2019.

## BASIS FOR RELIEF REQUESTED

10. Although the Debtors have commenced the extensive process of gathering the necessary information to prepare and finalize the Schedules and Statements, the fourteen (14) day time period provided by Bankruptcy Rule 1007(c) will be insufficient for the Debtors to complete the Schedules and Statements.

11. Pursuant to Bankruptcy Rules 1007(a)(5), 1007(c) and 9006(b), an extension of time to file the Schedules and Statements may be granted "for cause." While the Bankruptcy Rules do not define or delineate the parameters necessary to establish cause, courts have held that "cause" is a liberal standard, and extensions of time to file schedules and statements of financial affairs should be granted in the absence of prejudice or bad faith. *See Bryant v. Smith*, 165 B.R. 176, 181-82 (W.D. Va. 1994).

12. The Debtors submit that under the circumstances, good and sufficient cause exists for the extension of time to file the Schedules and Statements sought by this Motion. The nature and complexity of the Debtors' current and historical business affairs, the numerous matters the

-4-

Debtors must address in the early days of these Chapter 11 Cases, and the pressure incident to the commencement of the Chapter 11 Cases provide ample cause justifying, if not necessitating, the extension of the deadline to file the Schedules and Statements requested herein.

13. The Debtors' sophisticated business described above requires the Debtors to maintain voluminous books and records and a complex record of accounting, which needs to be thoroughly reviewed and analyzed by various employees in order to compile the Schedules and Statements. Moreover, the Debtors are parties to numerous types of executory contracts (inclusive of amendments and other ancillary agreements) with suppliers, customers, and other counterparties thereby making the process of reviewing, assessing and recording all of their executory contracts and unexpired leases a very time-consuming undertaking. As a result, the Debtors have not had the opportunity to gather the necessary information to prepare and file their Schedules and Statements.

14. Given the substantial amount of work required to compile the Schedules and Statements, coupled with the competing obligations of the Debtors' employees to manage and stabilize the Debtors' operations during the initial post-petition period, the Debtors will not be in a position to prepare the Schedules and Statements within fourteen (14) days of the Petition Date as provided by Bankruptcy Rule 1007(c).

15. The additional time requested by the Debtors will help the Debtors make a smoother transition into chapter 11 and, therefore, ultimately maximize the value of their estates for the benefit of creditors and all parties-in-interest. Consequently, it is in the best interests of the Debtors and their creditors that the Debtors are provided the extension of time to file their Schedules and Statements sought herein. The relief requested herein is not prejudicial to the rights of any party in interest in this case.

16. Extensions such as the one sought by this Motion have been granted by courts in this District and other Districts. *See, e.g., In re RWRF, Inc.*, No. 17-32958 (JKS) (Bankr. D.N.J. Nov. 15, 2017) (Docket No. 56) (35 day extension); *In re Mountain Creek Resort, Inc.*, No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017) (Docket No. 39) (30 day extension); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr S.D.N.Y. Feb. 6, 2017) (Docket No. 42) (same); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. Apr. 17, 2018) (Docket No. 287) (extending deadline to 73 days from the petition date).

17. Accordingly, the Debtors submit that cause exists to extend the deadline for the Debtors to file their Schedules and Statements through and including February 1, 2019, without prejudice to the Debtors' right to seek further extensions of this deadline from this Court.

## WAIVER OF MEMORANDUM OF LAW

18. Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NO PRIOR REQUEST

19. No previous motion for the relief sought herein has been made to this or to any other Court.

## NOTICE

20. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) Neligan LLP, Republic Center, 325 N. St. Paul, Suite 3600, Dallas, Texas 75201, Attention: Patrick J. Neligan, Jr. and John D. Gaither, counsel for Elm Park Capital Management, LLC and certain

affiliates; (iii) Dorsey & Whitney LLP, 300 Crescent Court, Suite 400, Dallas, TX 75201, Attention: Larry Makel and Eric Lopez Schnabel, counsel for Seacoast Capital Partners III, L.P. and certain affiliates; (iv) Moore & VanAllen, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202-4003, Attention: Alan Pope, counsel for Benefit Street Partners and certain affiliates; (v) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (vi) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vii) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (viii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (ix) the Debtors' thirty largest unsecured creditors on a consolidated basis; and (x) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  December 19, 2018                    Respectfully submitted,

                                                  **LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
jdipasquale@lowenstein.com
echafetz@lowenstein.com
mpapandrea@lowenstein.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*