|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Joseph J. DiPasquale, Esq.<br>Eric S. Chafetz, Esq.<br>Michael Papandrea, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Proposed Counsel to the Debtors and Debtors-in-Possession* | <br><br>Order Filed on December 21, 2018 by Clerk, U.S. Bankruptcy Court - District of New Jersey |
| In re:<br><br>FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-34808 (SLM)<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING BUT NOT DIRECTING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, AND RELATED OBLIGATIONS, (B) PAY AND REMIT PREPETITION PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD PARTIES, AND (C) HONOR EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

**DATED: December 21, 2018**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

35986/2
12/19/2018 203114718.1

Page: 2
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No: 18-34808 (SLM)
Caption: Interim Order (I) Authorizing But Not Directing the Debtors to (A) Pay Prepetition Wages, Salaries, and Related Obligations, (B) Pay and Remit Prepetition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief

---

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or the "Company") for entry of an order (i) authorizing but not directing the Debtors to (a) pay prepetition wages, salaries, benefits, and related obligations, (b) pay and remit prepetition payroll taxes and other deductions to third parties, and (c) honor employee benefit programs in the ordinary course of business; (ii) authorizing and directing banks to honor checks and transfers for payment of prepetition employee obligations; and (iii) granting related relief; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Until such time as the Final Order is entered, the Debtors are authorized, but not directed, in their discretion, to (i) pay any and all Employee Compensation and Expense Obligations and any obligations under the Employee Benefits Programs that relate to or arose

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page: 3
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No: 18-34808 (SLM)
Caption: Interim Order (I) Authorizing But Not Directing the Debtors to (A) Pay Prepetition Wages, Salaries, and Related Obligations, (B) Pay and Remit Prepetition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief

---

during the period prior to the Petition Date and are currently payable or will become payable after the Petition Date, provided, however, that, payments of prepetition amounts under this Order shall not exceed $12,850 per individual Employee in accordance with the priority cap provided in section 507(a)(4)-(5) of the Bankruptcy Code; (ii) continue the Employee Benefits Programs and practices in the ordinary course of business; and (iii) continue making payments post-petition related to the Employee Compensation and Expense Obligations and the Employee Benefits Programs as they become due.

3.  The Debtors are further authorized, but not directed, in their sole discretion, to pay all prepetition processing fees associated with, and all costs incident to, payment of the foregoing obligations.

4.  The Debtors are further authorized to reissue checks, wire transfers, automated clearing house payments, electronic payments, or other similar methods of payment for prepetition payments approved by the Court in this Order where such method of payment has been dishonored post-petition.

5.  All banks and other financial institutions on which checks were drawn or electronic payment requests made in connection with the payment of the prepetition obligations approved herein are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments) and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

Page: 4
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No: 18-34808 (SLM)
Caption: Interim Order (I) Authorizing But Not Directing the Debtors to (A) Pay Prepetition Wages, Salaries, and Related Obligations, (B) Pay and Remit Prepetition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief

---

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. The hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on January 14, 2019 at 2:00 p.m. **(Eastern Time)**; and any objections to entry of such order shall he in writing, filed with the Court, and served upon (i) counsel to the Debtors, (ii) the United States Trustee, and (iii) counsel for any statutory committee appointed in these cases so as to be received **no later than 4:00 p.m. (Eastern Time) on** January 7, **2019**.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

10. The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

| | |
|---|---|
| Page: | 5 |
| Debtors: | Frank Theatres Bayonne/South Cove, LLC, *et al.* |
| Case No: | 18-34808 (SLM) |
| Caption: | Interim Order (I) Authorizing But Not Directing the Debtors to (A) Pay Prepetition Wages, Salaries, and Related Obligations, (B) Pay and Remit Prepetition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief |

11. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

13. The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Order.