UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and Debtors-in-Possession*

Order Filed on December 21, 2018 by Clerk, U.S. Bankruptcy Court - District of New Jersey

In re:

FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 18-34808 (SLM)

(Joint Administration Requested)

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

**DATED: December 21, 2018**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

Page:     2
Debtors:  Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption:  Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent Effective as of the Petition Date

---

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to 28 U.S.C. § 156(c), authorizing the retention and appointment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent for the Debtors in these Chapter 11 Cases, effective as of the Petition Date; and upon the Steele Declaration submitted in support of the Application; and the Court being satisfied that Prime Clerk has the capability and experience to provide the services described in the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. The Debtors are authorized to retain Prime Clerk effective as of the Petition Date under the terms of the Engagement Agreement, in the form attached hereto as Exhibit 1, and Prime Clerk is authorized and directed to perform the Claims and Noticing Services and all related tasks as described in the Application.

3. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Page: 3
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption: Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent Effective as of the Petition Date

---

and is authorized and directed to maintain an official claims register for the Debtors and to provide the Clerk's Office with a certified duplicate thereof upon the request of the Clerk's Office.

4. Prime Clerk is authorized and directed to provide an electronic interface for filing proofs of claim and obtain a post office box or address for the receipt of proofs of claim.

5. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for compensation for its services and reimbursement of its expenses.

7. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, counsel for the Debtors, the office of the United States Trustee, counsel for any official committee, if appointed, secured lenders, and any party-in-interest who specifically requests service of the monthly invoices.

8. Parties shall have ten (10) days from receipt of the invoice to review such invoice and raise any objections, either formally through the filing of an objection with the Court or informally through a writing served on Prime Clerk, to the fees and expenses being requested by Prime Clerk. If an objection is interposed, the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or

Case 18-34808-SLM    Doc 41    Filed 12/21/18    Entered 12/21/18 15:48:57    Desc Main
Document    Page 4 of 14

Page: 4
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption: Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent Effective as of the Petition Date

monthly invoices. The parties may seek resolution of the matter from the Court if resolution is not achieved. The Debtors are authorized to pay Prime Clerk the full amount of the requested fees and expenses upon expiration of the ten (10) day review if no objection has been raised without further order of the Court. If an objection has been raised, the Debtors may not pay the objected to amount pending agreement of the parties or an order of this Court authorizing payment.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

10. The Debtors are authorized but not directed to pay Prime Clerk a retainer in the amount of $25,000. Prime Clerk may hold its retainer under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement. The Debtors banks are authorized to honor and process the payment of the retainer.

11. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

12. Prime Clerk shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Prime Clerk, or provide contribution or reimbursement to Prime Clerk, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach

Case 18-34808-SLM    Doc 41    Filed 12/21/18    Entered 12/21/18 15:48:57    Desc Main
Document    Page 5 of 14

Page:     5
Debtors:  Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption:  Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent Effective as of the Petition Date

of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk.  All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution or reimbursement.

15.  In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk shall immediately notify the Clerk of the United States Bankruptcy Court for the District of New Jersey (the "Court Clerk") and counsel for the Debtors, upon approval of the Court, and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice of the Court Clerk and counsel for the Debtors.

Page: 6
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption: Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent Effective as of the Petition Date

---

16. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Prime Clerk but is not specifically authorized by this Order.

17. Prime Clerk shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

18. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

19. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the requirements of Bankruptcy Rule 6004(a), to the extent applicable, and the Local Rules of this Court are satisfied by such notice.

20. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21. To the extent applicable, the Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief granted herein is necessary to avoid immediate and irreparable harm.

22. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

23. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

24. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

25. Notwithstanding anything in the Engagement Agreement to the contrary, this Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

# Exhibit 1

## Engagement Agreement

Prime Clerk

**Prime Clerk LLC Engagement Agreement**

This Agreement is entered into as of December 19, 2018 between Prime Clerk LLC ("**Prime Clerk**") and Frank Theatres Bayonne/South Cove, LLC (together with its affiliates, the "**Company**").[1]

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Services**

    (a) Prime Clerk agrees to provide the Company with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement) and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "**Services**").

    (b) The Company acknowledges and agrees that Prime Clerk will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "**Company Parties**") with respect to providing Services hereunder. The parties agree that Prime Clerk may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.

    (c) The Company agrees and understands that Prime Clerk shall not provide the Company or any other party with legal advice.

2. **Rates, Expenses and Payment**

    (a) Prime Clerk will provide the Services on an as-needed basis and upon request or agreement of the Company, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "**Rate Structure**"); provided, however that Prime Clerk will provide a discount of 15% off the attached hourly rates. The Company agrees to pay for reasonable out of pocket expenses incurred by Prime Clerk in connection with providing Services hereunder.

    (b) The Rate Structure sets forth individual unit pricing for each of the Services. The Company may request separate Services or all of the Services.

    (c) Prime Clerk will bill the Company no less frequently than monthly. All invoices shall be due and payable upon receipt. Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Prime Clerk may require advance or direct payment from the Company before the performance of Services hereunder. If any amount is unpaid as of 30 days after delivery of an invoice, the Company agrees to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.

---

[1] The Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in any chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.

**Prime Clerk**

(d) In case of a good faith dispute with respect to an invoice amount, the Company shall provide a detailed written notice of such dispute to Prime Clerk within 10 days of receipt of the invoice. The undisputed portion of the invoice will remain due and payable immediately upon receipt thereof. Late charges shall not accrue on any amounts disputed in good faith.

(e) The Company shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Company or the Company Parties.

(f) The Company shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Prime Clerk or paid by Prime Clerk to a taxing authority.

(g) Upon execution of this Agreement, the Company shall pay Prime Clerk an advance of $25,000. Prime Clerk may hold such advance to apply against unpaid fees and expenses hereunder.

(h) Prime Clerk reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year. Prime Clerk shall provide 30 days' notice to the Company of such increases.

3. **Retention in Bankruptcy Case**

(a) If the Company commences a case pursuant to title 11 of the United States Code (the "**Bankruptcy Code**"), the Company promptly shall file applications with the Bankruptcy Court to retain Prime Clerk (i) as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and (ii) as administrative advisor pursuant to section 327(a) of the Bankruptcy Code for all Services that fall outside the scope of 28 U.S.C. § 156(c). The form and substance of such applications and any order approving them shall be reasonably acceptable to Prime Clerk.

(b) If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Prime Clerk will continue to be paid for Services pursuant to 28 U.S.C. § 156(c) and the terms hereunder.

4. **Confidentiality**

(a) The Company and Prime Clerk agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.

(b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.

5. **Property Rights**

Prime Clerk reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation and any other

Prime Clerk

information or property (collectively, "**Property**") furnished by Prime Clerk for itself or for use by the Company hereunder. Fees and expenses paid by the Company do not vest in the Company any rights in such Property. Such Property is only being made available for the Company's use during and in connection with the Services provided by Prime Clerk hereunder.

6. **Bank Accounts**

At the request of the Company or the Company Parties, Prime Clerk shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company to facilitate distributions pursuant to a chapter 11 plan or other transaction. To the extent that certain financial products are provided to the Company pursuant to Prime Clerk's agreement with financial institutions, Prime Clerk may receive compensation from such institutions for the services Prime Clerk provides pursuant to such agreement.

7. **Term and Termination**

    (a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein). "**Cause**" means (i) gross negligence or willful misconduct of Prime Clerk that causes material harm to the Company's restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Prime Clerk invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the advance held by Prime Clerk where Prime Clerk reasonably believes it will not be paid.
    (b) If this Agreement is terminated after Prime Clerk is retained pursuant to Bankruptcy Court order, the Company promptly shall seek entry of a Bankruptcy Court order discharging Prime Clerk of its duties under such retention, which order shall be in form and substance reasonably acceptable to Prime Clerk.
    (c) If this Agreement is terminated, the Company shall remain liable for all amounts then accrued and/or due and owing to Prime Clerk hereunder.
    (d) If this Agreement is terminated, Prime Clerk shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Prime Clerk shall provide the necessary staff, services and assistance required for such an orderly transfer. The Company agrees to pay for such Services pursuant to the Rate Structure.

8. **No Representations or Warranties**

Prime Clerk makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

9. **Indemnification**

    (a) To the fullest extent permitted by applicable law, the Company shall indemnify and hold harmless Prime Clerk and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents (collectively, the "**Indemnified Parties**") from and against any and all losses, claims, damages, judgments, liabilities and expenses,

3

Prime Clerk

whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "**Losses**") resulting from, arising out of or related to Prime Clerk's performance hereunder. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

(b) Prime Clerk and the Company shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that either party becomes aware of with respect to the Services provided hereunder.

(c) The Company's indemnification of Prime Clerk hereunder shall exclude Losses resulting from Prime Clerk's gross negligence or willful misconduct.

(d) The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

10. **Limitations of Liability**

Except as expressly provided herein, Prime Clerk's liability to the Company for any Losses, unless due to Prime Clerk's gross negligence or willful misconduct, shall be limited to the total amount paid by the Company for the portion of the particular work that gave rise to the alleged Loss. In no event shall Prime Clerk's liability to the Company for any Losses arising out of this Agreement exceed the total amount actually paid to Prime Clerk for Services provided hereunder. In no event shall Prime Clerk be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

11. **Company Data**

(a) The Company is responsible for, and Prime Clerk does not verify, the accuracy of the programs, data and other information it or any Company Party submits for processing to Prime Clerk and for the output of such information, including, without limitation, with respect to preparation of statements of financial affairs and schedules of assets and liabilities (collectively, "**SOFAs and Schedules**"). Prime Clerk bears no responsibility for the accuracy and content of SOFAs and Schedules, and the Company is deemed hereunder to have approved and reviewed all SOFAs and Schedules filed on its behalf.

(b) The Company agrees, represents and warrants to Prime Clerk that before delivery of any information to Prime Clerk: (i) the Company has full authority to deliver such information to Prime Clerk; and (ii) Prime Clerk is authorized to use such information to perform Services hereunder.

(c) Any data, storage media, programs or other materials furnished to Prime Clerk by the Company may be retained by Prime Clerk until the Services provided hereunder are paid in full. The Company shall remain liable for all fees and expenses incurred by Prime Clerk under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Prime Clerk. Any such disposal shall be in a manner requested by or acceptable to the Company; provided that if the Company has not utilized Prime Clerk's Services for a period of 90 days or more, Prime Clerk may dispose of any such materials, and be reimbursed by the Company for the expense of such disposition, after giving the Company 30 days' notice. The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs, data or information provided by the Company to Prime Clerk.

4

Prime Clerk

(d) If Prime Clerk is retained pursuant to Bankruptcy Court order, disposal of any Company data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

## 12. Non-Solicitation

The Company agrees that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Prime Clerk during the term of this Agreement and for a period of 12 months after termination thereof unless Prime Clerk provides prior written consent to such solicitation or retention.

## 13. Force Majeure

Whenever performance by Prime Clerk of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Prime Clerk's reasonable control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

## 14. Choice of Law

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

## 15. Arbitration

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction. There shall be three arbitrators named in accordance with such rules. The arbitration shall be conducted in the English language in New York, New York in accordance with the United States Arbitration Act.

## 16. Integration; Severability; Modifications; Assignment

(a) Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements and communications between the parties relating to the subject matter hereof.

(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Company and an officer of Prime Clerk.

(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Prime Clerk may

5

**Prime Clerk**

assign this Agreement to a wholly-owned subsidiary or affiliate without the Company's consent.

### 17. Effectiveness of Counterparts

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

### 18. Notices

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

If to Prime Clerk:   Prime Clerk LLC
                     830 3rd Avenue, 9th Floor
                     New York, NY 10022
                     Attn: Shai Waisman
                     Tel: (212) 257-5450
                     Email: swaisman@primeclerk.com

If to the Company:   c/o Christopher Lang
                     Chief Restructuring Officer
                     8750 N. Central Expressway
                     Dallas, TX 75231
                     Tel: (469) 453-7199
                     Email: Christopher.lang@mossadams.com

With a copy to:      Lowenstein Sandler LLP
                     One Lowenstein Drive
                     Roseland, NJ 07068
                     Attn: Joseph J. DiPasquale
                     Tel: (973) 597-2528
                     Email: jdipasquale@lowenstein.com

*[Signature page follows]*



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

Prime Clerk LLC

*[signature]*

By: ~~Shira Weiner~~ Benjamin J. Steele
Title: ~~General Counsel~~ Vice President


Frank Theatres Bayonne/South Cove, LLC

*[signature]*

By: Christopher Lang
Title: Chief Restructuring Officer

7