UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and Debtors-in-Possession*

Order Filed on January 24, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey

In re:

FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 18-34808 (SLM)

(Jointly Administered)

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: January 24, 2019**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

35986/2
01/04/2019 203219471.1

Page:     2
Debtors:  Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption:  Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Debtors Effective as of the Petition Date

---

Upon consideration of the application (the "Application")[2] of the above captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing the employment and retention of Lowenstein Sandler LLP ("Lowenstein Sandler") as counsel to the Debtors, effective as of the Petition Date (December 19, 2018), and upon consideration of the Rosen Declaration and the Lang Declaration submitted in support of the Application; and the Court being satisfied, based on representations made in the Application that (i) Lowenstein Sandler has no connection with the Debtors, their creditors, any other party in interest, their current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not represent any entity having an adverse interest to the Debtors in connection with the Debtors' Chapter 11 Cases, except as set forth in the Rosen Declaration; (ii) Lowenstein Sandler is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, (iii) neither Lowenstein Sandler, nor its professionals, have any connection with the Debtors, their creditors or any other party in interest; and (iv) Lowenstein Sandler's employment is necessary and in the best interest of the Debtors; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey as amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Page: 3
Debtors: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption: Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Debtors Effective as of the Petition Date

___

2. The Debtors are authorized to employ and to retain Lowenstein Sandler, effective as of the Petition Date, to serve as the Debtors' counsel in these Chapter 11 Cases.

3. Lowenstein Sandler shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Lowenstein Sandler also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by attorneys in larger chapter 11 cases effective as of November 1, 2013 (the "Revised UST Guidelines), both in connection with this application and the interim and final fee applications to be filed by Lowenstein Sandler in these Chapter 11 Cases.

4. Lowenstein Sandler shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.