## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

FRANK THEATRES BAYONNE/SOUTH
COVE, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 18-34808 (SLM)

Jointly Administered

## SCHEDULE OF ASSETS AND LIABILITIES FOR
## REVOLUTIONS OF SAUCON VALLEY LLC
## CASE NO. 18-34844 (SLM)

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1] | Case No. 18-34808 (SLM) |
| Debtors. | Jointly Administered |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On December 19, 2018 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (each a "Debtor," and collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") are being jointly administered under lead case number 18-34808 (SLM). The Debtors have prepared

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

and filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in and comprise an integral part of the Schedules and Statements filed by each of the Debtors and should be referenced in connection with any review thereof.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  Except as otherwise noted, the information provided in the Schedules and Statements is as of the close of business on the Petition Date.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify or alter any part of the Schedules and Statements as and to the extent the Debtors deem necessary or appropriate.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

### Global Notes and Overview of Methodology

1.    Reservation of Rights.  Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to the Chapter 11 Cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

2.    Net Book Value of Assets.    It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements, including but not limited to assets listed in Schedule A/B and the collateral in Schedule D reflect net book values of each asset as of the Petition Date as listed in the Debtors' accounting books and records, rather than current market values of such assets.  The Debtors reserve all of their rights with respect to the values, amounts and characterizations of the assets listed in the Schedules and Statements.

3.    <u>Liabilities</u>.  The Debtors allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

4.    <u>Causes of Action</u>.  Despite reasonable efforts to identify all known assets, the Debtors may not have identified or set forth all of their causes of action (filed or potential) as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

5.    <u>Estimates</u>.  To close the books and records of the Debtors as of the Petition Date for purposes of the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of their assets, liabilities, revenue, and expenses.

6.    <u>Claims Description.</u>  Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including as to amount, priority, secured or unsecured status or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.  Moreover, listing a claim does not constitute an admission of liability by the Debtors.

7.    <u>Paid Claims</u>.  The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to various Bankruptcy Court orders.  Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

8.      Property and Equipment.  Nothing in the Schedules or Statements (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to such issues.  Property and equipment listed in the Schedules and Statements is presented without consideration of any liens that may attach (or have attached) to such property and equipment.

9.      Insiders.  Where the Schedules and Statements require information regarding "insiders" and/or officers and directors, the Debtors have attempted to include therein the Debtors' (a) "directors" (or persons in similar positions) and (b) employees that may be, or may have been during the relevant period, "officers," as such terms are defined in the Bankruptcy Code or other applicable law.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  With respect to any person listed as an insider, the Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

10.      Intellectual Property Rights.  Exclusion of certain intellectual property from the Schedules and Statements shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

11.      Excluded Liabilities.  The Debtors have excluded from the Schedules and Statements certain accrued liabilities, including accrued salaries, paid time off (PTO) and extended sick leave for employees, and liabilities that have been paid pursuant to orders of the Bankruptcy Court.

12.      Employee Addresses.  Due to privacy concerns, the Debtors have not included addresses in the Schedules and Statements for employees and former employees or have used the Debtors' corporate address.

13.      Unliquidated Claim Amounts.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unknown."

14.      Totals.  All totals that are included in the Schedules and Statements represent totals of the known liquidated amounts for the individual schedule for which they are listed.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

15.    <u>Specific Notes</u>.  These Global Notes are in addition to any the specific notes set forth in the individual Schedules and Statements.  Disclosure of information in one Schedule, the Statements, an exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, the Statements, or any exhibits or continuation sheets.

16.    <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

## <u>Specific Disclosures with Respect to the Schedules</u>

17.    <u>Schedule A/B 7</u>.  The Bankruptcy Court, pursuant to the *Final Order Under Section 366 of the Bankruptcy Code (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment* [Docket No. 116] (the "<u>Utilities Order</u>"), authorized the Debtors to provide (i) adequate assurance of payment for post-petition utility services, including adequate assurance deposits held by the Debtors in the amount of $48,019.14 (and certain other deposits held by utility providers subject to individual agreements with such utility providers), to be maintained as provided for in the Utilities Order. Such deposits, which in accordance with the Utilities Order were established subsequent to the Petition Date, are not listed on Schedule A/B 7, which reflects information as of the Petition Date.

18.    <u>Schedule A/B 25</u>.  The amount listed represents estimated receipts of inventory by the Debtors in the 20 days prior to the Petition Date based on the vendor invoice date. Nothing on Schedule A/B 25, however, is intended or shall be deemed to be a determination, or impair, prejudice, waive or otherwise affect the Debtors' rights, with respect to any asserted claims under section 503(b)(9) of the Bankruptcy Code, and the Debtors reserve all of their rights to dispute or challenge the validity of any such Claims. The Debtors have estimated that the book value and current value of inventory received within 20 days of the Petition Date is $114,764.57. However, because the Debtors cannot determine this estimate on a Debtor by Debtor basis, the individual schedules for each of the Debtors list this amount as "unknown."

19.    <u>Schedule D — Creditors Holding Secured Claims</u>.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of each Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions and the value of the collateral provided in Schedule D are solely intended to be a summary—and not an admission—of liability and/or valuation.  The value of the collateral provided in Schedule D reflects net book values of each asset as of the Petition Date as listed in the Debtors' accounting books and records, rather than current market values of such assets.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or agreements.

20.    <u>Schedule E/F — Creditors Holding Unsecured Priority Claims</u>. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain prepetition liabilities. For example, the Bankruptcy Court has entered the following orders:

- *Final Order (I) Authorizing, But Not Directing, the Debtors to Honor Certain Prepetition Obligations to Customers and to Continue, Renew, Replace, Modify, Implement, or Terminate Customer Programs in the Ordinary Course of Business, and (II) Authorizing and Directing Financial Institutions to Honor All Related Checks and Electronic Payment Requests* [Docket No. 117];

- *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees in the Ordinary Course of Business and (II) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related Thereto* [Docket No. 115];

- *Final Order (I) Authorizing Payment of Prepetition Claims of Certain Critical Vendors Pursuant to 11 U.S.C. §§ 105(a), 363(b), 364, 1107(a), and 1108 and Fed. R. Bankr. P. 6003 and 6004, and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* [Doc. No. 118];

- *Final Order (I) Authorizing Debtors to (A) Continue Prepetition Insurance Programs, (B) Pay Any Prepetition Premiums and Related Obligations, and (C) Renew or Enter Into New Insurance Arrangements; and (II) Granting Related Relief* [Doc. No. 114]; and

- *Final Order (I) Authorizing But Not Directing the Debtors to (A) Pay Prepetition Wages, Salaries, and Related Obligations, (B) Pay and Remit Prepetition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and Transfers for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 113]

To the extent that applicable Claims have been paid under one or more of the foregoing orders, such Claims may not be included in Schedule E/F.

The Debtors' analysis of potential priority claims is ongoing and may take significant time to complete. Accordingly, amounts on Schedule E/F have been classified as non-priority pending conclusion of that analysis. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis.

Although the Debtors have made a reasonable attempt to set forth their unsecured obligations on Schedule F, the liabilities identified therein are derived from the Debtors' books and records, which may or may not be completely accurate. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that any listed liability necessarily reflects the correct amount of any unsecured creditor's allowed claim or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these Chapter 11 Cases will reflect the relationship of aggregate asset values to aggregate liabilities set forth in the Schedules and Statements.

Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities may deviate from the Schedules and Statements because of certain events that may occur during the Chapter 11 Cases.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although the Debtors have made reasonable efforts to determine the date upon which each of the claims listed on Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

Schedule E/F may include prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

Schedule E/F does not include potential rejection damages claims, if any, of counterparties to executory contracts or unexpired leases that may be rejected by the Debtors.

21.    Schedule G - Executory Contracts and Unexpired Leases. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Reference to any contract or lease on Schedule G includes any and all amendments,

addendums, supplements or restatements to such contract or lease, whether or not specifically referred or separately listed thereon.

The Debtors' listing of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend Schedule G at any time to remove any contract or lease.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth separately on Schedule G.    In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination agreements, non-disturbance agreements, supplemental agreements, letter agreements, title agreements and confidentiality agreements. Such agreements may not be set forth in Schedule G and certain of the agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G. The Debtors reserve all of their rights with respect to all such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms. Out of an abundance of caution, the Debtors may have listed such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that any such contract or agreement is an executory contract or unexpired lease.

Moreover, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the Debtors and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission of those contracts from Schedule G. The Debtors reserve the right to amend Schedule G at any time to add additional contracts or agreements.

22.    <u>Schedule H - Co-Debtors</u>.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule E/F and Statement 7, as applicable.

## <u>Specific Disclosures with Respect to the Statements</u>

22.    <u>Statement 4</u>.  As per the indication in Statement 4, any payments or transfers listed in Statement 3 are not repeated in Statement 4. Additionally, any payments or transfers that were identified in Statement 30 may not be repeated in Statement 4.

23.    <u>Statement 7</u>. Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. The Debtors dispute any liability with respect to the matters included in Statement 7, and Statement 7 shall not be construed as an admission by the Debtors of any liability with respect to any of the legal disputes or administrative proceedings identified therein.

24.    <u>Statement 10</u>.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.

25.    <u>Statement 26d</u>.  During the two years immediately preceding the Petition Date, the Debtors have provided financial statements in the ordinary course of their business to various parties, including secured lenders, government entities and other interested parties, through online data rooms and other diligence procedures.

26.    <u>Statement 30</u>.   The Debtors have included a more comprehensive response to Statement 30 in Statement 3.

**Fill in this information to identify the case:**

Debtor name **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number (if known) **18-34844**

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*................................................................................. $ _____0.00_____

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*............................................................................ $ _____647,051.34_____

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*............................................................................... $ _____647,051.34_____

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $ ____39,082,182.08____

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................. $ _____67,161.51_____

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................ +$ _____31,699.96_____

4. **Total liabilities** ................................................................................................
   Lines 2 + 3a + 3b

   $ ____39,181,043.55____

**Fill in this information to identify the case:**

Debtor name    **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEW JERSEY

Case number (if known)   **18-34844**

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.    **Cash on hand** | **$9,518.58** |

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.   **Bank of America** | **Local Depository** | **4178** | **$8,274.77** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.** | **$17,793.35** |
       Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7.    **Deposits, including security deposits and utility deposits**
      Description, including name of holder of deposit

| 7.1.   **Utilities** | **$5,674.00** |
|---|---|

8.    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
      Description, including name of holder of prepayment

Debtor    **Revolutions of Saucon Valley LLC**                          Case number *(If known)* **18-34844**
          Name

9.    **Total of Part 2.**                                              | $5,674.00 |
      Add lines 7 through 8. Copy the total to line 81.

**Part 3:** **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
□ Yes Fill in the information below.

**Part 4:** **Investments**

13. **Does the debtor own any investments?**

■ No.  Go to Part 5.
□ Yes Fill in the information below.

**Part 5:** **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

□ No.  Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.    Raw materials | | | | |
| 20.    Work in progress | | | | |
| 21.    Finished goods, including goods held for resale | | | | |
| 22.    Other inventory or supplies Cafe Inventory, Revolutions of Saucon Valley | 12/16/2018 | $8,953.07 | FIFO | $8,953.07 |
| Bar Inventory, Saucon Valley | 12/16/2018 | $10,148.79 | FIFO | $10,148.79 |
| Redemption Prize Inventory, Revolutions of Saucon | 12/16/2018 | $7,611.18 | FIFO | $7,611.18 |

23.    **Total of Part 5.**                                              | $26,713.04 |
       Add lines 19 through 22.  Copy the total to line 84.

24.    **Is any of the property listed in Part 5 perishable?**
       □ No
       ■ Yes

25.    **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
       □ No
       ■ Yes. Book value  Unknown - See Global Notes   Valuation method   **FIFO**   Current Value   Unknown - See Global Notes

26.    **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
       ■ No

| Debtor | **Revolutions of Saucon Valley LLC** | Case number *(If known)* **18-34844** |
|---|---|---|
| | Name | |

☐ Yes

---

**Part 6:**  Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

---

**Part 7:**  Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** **Furniture & Fixtures, Revolutions at Saucon Valley** | **$245,904.08** | **Historical Cost** | **$245,904.08** |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** **Equipment, Revolutions at Saucon Valley** | **$350,966.87** | **Historical Cost** | **$350,966.87** |

42.  **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| 43. | **Total of Part 7.** Add lines 39 through 42.  Copy the total to line 86. | **$596,870.95** |
|---|---|---|

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
■ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

---

**Part 8:**  Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

---

**Part 9:**  Real property

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

---

**Part 10:**  Intangibles and intellectual property

---

| Debtor | **Revolutions of Saucon Valley LLC** | Case number *(If known)* | **18-34844** |
|---|---|---|---|
| | Name | | |

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor   **Revolutions of Saucon Valley LLC**                    Case number *(If known)*  **18-34844**
         Name

---

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $17,793.35 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $5,674.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $26,713.04 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $596,870.95 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $647,051.34 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $647,051.34 |

Official Form 206A/B               Schedule A/B Assets - Real and Personal Property               page 5

| Fill in this information to identify the case: |
|---|

Debtor name **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)    **18-34844**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**2.1** **BENEFIT STREET PARTNERS DEBT FUND IV LP**
Creditor's Name
**9 WEST 57TH STREET SUITE 4920 NEW YORK, NY 10019**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**6/20/2014**
Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

Describe debtor's property that is subject to a lien
**Senior debt/lien on company assets & 2nd lien**

Describe the lien

Is the creditor an insider or related party?
■ No
☐ Yes
Is anyone else liable on this claim?
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**$16,522,060.35** | **$0.00**

**2.2** **ELM PARK CREDIT OPPORTUNITIES**
Creditor's Name
**FUND (US), L.P. 2101 CEDAR SPRINGS RD STE 700 DALLAS, TX 75204**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**6/20/2014**
Last 4 digits of account number

Describe debtor's property that is subject to a lien
**Senior debt/lien on company assets**

Describe the lien

Is the creditor an insider or related party?
■ No
☐ Yes
Is anyone else liable on this claim?
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**$3,361,109.39** | **$0.00**

| Debtor | **Revolutions of Saucon Valley LLC** | Case number (if known) | **18-34844** |
|---|---|---|---|
| | Name | | |

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is:<br>Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| | | | | |
|---|---|---|---|---|
| **2.3** | **ELM PARK CREDIT OPPORTUNITIES FUND**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**Senior debt/lien on company assets** | **$14,375,687.27** | **$0.00** |

**(CANADA), L.P.**
**199 BAY STREET, 5300**
**COMMERCE COURT WEST**
**TORONTO, ON, M5L 1B9**
**CANADA**
Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?

■ No
☐ Yes

**Date debt was incurred**
**6/20/2014**
**Last 4 digits of account number**

Is anyone else liable on this claim?

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is:<br>Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| | | | | |
|---|---|---|---|---|
| **2.4** | **SEACOAST CAPITAL PARTNERS III, LP**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**2nd lien on company assets** | **$4,823,325.07** | **$0.00** |

**55 FERNCROFT RD STE 110**
**DANVERS, MA 01923**
Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?

■ No
☐ Yes

**Date debt was incurred**
**9/15/2017**
**Last 4 digits of account number**

Is anyone else liable on this claim?

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is:<br>Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| | | |
|---|---|---|
| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | **$39,082,182.08** |

**Part 2:**  **List Others to Be Notified for a Debt Already Listed in Part 1**

| Debtor | **Revolutions of Saucon Valley LLC** | Case number (if know) | **18-34844** |
|---|---|---|---|
| | Name | | |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name    **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)    **18-34844**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | $67,161.51 | $67,161.51 |
| | **SAUCON VALLEY SD**<br>**PO BOX 22170**<br>**Lehigh Valley, PA 18002-2170** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred<br>**PROPERTY TAX** | Basis for the claim: | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $31,699.96 |
| | **SAUCON VALLEY SQUARE CONDO ASS.**<br>**C/O FIRST NATIONAL REALTY PARTNERS**<br>**1208 RT. 34, SUITE 19**<br>**ABERDEEN, NJ 07747** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** _ | Basis for the claim: _ | |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the<br>related creditor (if any) listed? | Last 4 digits of<br>account number, if<br>any |
|---|---|---|

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

| Debtor | **Revolutions of Saucon Valley LLC** | Case number (if known) | **18-34844** |
|---|---|---|---|
| | Name | | |

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 67,161.51 |
| **5b. Total claims from Part 2** | 5b.  + | $ | 31,699.96 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 98,861.47 |

**Fill in this information to identify the case:**

Debtor name    **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)    **18-34844**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
     ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
     ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal  Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| **2.1.**  State what the contract or lease is for and the nature of the debtor's interest | **TECHNICAL SUPPORT/PRODUCTS, DATED 9/17/2012** |
|      State the term remaining | **NO TERM** |
|      List the contract number of any government contract | **BRUNSWICK BOWLING PRODUCTS, LLC**<br>**PO BOX 776085**<br>**CHICAGO, IL 60677-6085** |
| **2.2.**  State what the contract or lease is for and the nature of the debtor's interest | **CLEANING SERVICES, DATED 12/15/2016** |
|      State the term remaining | **10 MONTHS** |
|      List the contract number of any government contract | **CAPITAL CONTRACTORS, INC.**<br>**25049 NETWORK PLACE**<br>**CHICAGO, IL 60673-1250** |

**Fill in this information to identify the case:**

Debtor name **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number (if known) **18-34844**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | _____ | Street _____<br><br>City    State    Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | _____ | Street _____<br><br>City    State    Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | _____ | Street _____<br><br>City    State    Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | _____ | Street _____<br><br>City    State    Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name       **Revolutions of Saucon Valley LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEW JERSEY

Case number (if known)   **18-34844**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐  *Schedule H: Codebtors* (Official Form 206H)
- ☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐  Amended *Schedule*
- ☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐  Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 25, 2019**          X **/s/ Christopher Lang**
                                             Signature of individual signing on behalf of debtor

                                             **Christopher Lang**
                                             Printed name

                                             **Chief Restructuring Officer**
                                             Position or relationship to debtor

Official Form 202                        **Declaration Under Penalty of Perjury for Non-Individual Debtors**