

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** | |
| **LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Joseph J. DiPasquale, Esq.<br>Eric S. Chafetz, Esq.<br>Michael Papandrea, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtors and<br>Debtors-in-Possession* | **Order Filed on June 11, 2019 by<br>Clerk, U.S. Bankruptcy Court -<br>District of New Jersey** |
| In re:<br><br>FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-34808 (SLM)<br><br>Jointly Administered<br><br>**Hearing Date: July 1, 2019 at 10:00 a.m. (ET)** |

### *AMENDED* ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY, (II) AUTHORIZING THE ABANDONMENT OF RELATED PROPERTY, (III) ESTABLISHING A CLAIMS BAR DATE, AS APPLICABLE, AND (IV) <u>GRANTING RELATED RELIEF</u>

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

**DATED: June 11, 2019**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

35986/2
06/10/2019 204443707.1

Page:    2
Debtor:  Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption: Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

---

Upon the motion (the "Motion") [Docket No. 40][2] of the Debtors in the above-captioned Chapter 11 Cases seeking, pursuant to sections 105(a), 365(a), and 554 of the Bankruptcy Code and rule 6006 and 6007 of the Federal Rules of Bankruptcy Procedure, the entry of an order (i) authorizing the Debtors' rejection of certain unexpired leases of non-residential real property, as listed on Exhibit A attached hereto, (ii) authorizing the abandonment of Related Property, (iii) establishing a deadline to file proofs of claim, as applicable, and (iv) granting related relief; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Designated Leases listed on Exhibit A (collectively, the "Rejected Leases") are, or shall be, deemed rejected effective as of the Rejection Date indicated on Exhibit A.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page:     3
Debtor:   Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption:  Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

---

3. With respect to the Designated Leases listed on Exhibit B, the Motion is hereby adjourned to **July 1, 2019, at 10:00 a.m. (ET)**. For the avoidance of doubt, the deadline to object to the Motion has expired, except with respect to Blacksburg APF Partners, LLC ("Blacksburg"), which has requested an extension of its objection deadline. Blacksburg's deadline to object to the Motion shall be 4:00 p.m. (ET) on the date that is seven (7) days prior to the hearing on the Motion.

4. The counterparties to the Rejected Leases shall be prohibited from setting off or otherwise using security deposits or other monetary deposits in their possession or control to reduce their claim(s) against the Debtors without prior Court approval.

5. Any party in interest that asserts a claim arising out of, or related to, the rejection of Rejected Leases and/or the removal or disposition of Related Property, must file a proof of claim within thirty (30) days after the entry of this Order (the "Rejection Bar Date"). If such a claim is not filed by the applicable Rejection Bar Date, said claim shall be barred from receiving any distribution in these Chapter 11 Cases.

6. The rights of all parties, including that of the Debtors, to contest any and all claims arising out of, or related to, the rejection by the Debtors of the Rejected Leases and Contracts and/or the removal or disposition of Related Property are fully preserved.

7. The Debtors are deemed to have abandoned the Related Property as of the applicable Rejection Date. Moreover, the landlord of any premises subject to a Rejected Lease may, in their sole discretion and without further notice, dispose of such Related Property on or

Page: 4
Debtor: Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption: Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

---

after the applicable Rejection Date without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The Debtors shall use reasonable efforts to remove any leased Related Property from the premises subject to a Rejected Lease prior to the applicable Rejection Date.

8. The right of any party-in-interest to assert a claim against the Debtors' estate for costs associated with the removal or disposition of Related Property is fully preserved; provided that any such claim must be filed by the applicable Rejection Bar Date; and provided further that the rights of all parties, including those of the Debtors, to contest any such claim are fully preserved.

9. The Debtors shall notify any party known the by the Debtors to assert or hold an interest in the Related Property by service of this Order on such party.

10. The requirements set forth in Bankruptcy Rules 6006 and 6007 and Local Rule 6007-1, are satisfied by the contents of the Motion or otherwise deemed waived.

11. Consistent with Bankruptcy Rule 6006(g), this Order constitutes a separate order with respect to each Rejected Lease and the notice of rejection of such Rejected Lease covered hereby.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

Page:     5
Debtor:   Frank Theatres Bayonne/South Cove, LLC, *et al.*
Case No.: 18-34808 (SLM)
Caption:  Order (I) Authorizing the Rejection of Certain Unexpired Leases of Non-residential Real Property, (II) Authorizing the Abandonment of Related Property, (III) Establishing a Claims Bar Date, as Applicable, and (IV) Granting Related Relief

---

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT A

## Rejected Leases

| Address of Subject Property | Landlord Name/Address | Related Property[1] (if applicable) | Contact Name/Address for Related Property (if applicable) | Rejection Date |
|---|---|---|---|---|
| Rio<br>3801 Route 9 South Suite 1, Rio Grande, NJ 08242 | Rio Mall, LLC<br>1003 W Indiantown Rd, Suite 201<br>Jupiter, FL 33458 | TBD | TBD | 5/31/19 |
| Galleria<br>2111 Tamiami Trail<br>Venice, FL 34293 | GSPC, LTD<br>PO Box 35<br>Estero, FL 33929 | TBD | TBD | 5/31/19 |

---

[1] Related Property being abandoned by the Debtors may include such property in which a third party has an interest.

## EXHIBIT B

**Designated Leases with Respect to Which the Motion is Continued**

| Address of Subject Property | Landlord Name/Address | Related Property[2] (if applicable) | Contact Name/Address for Related Property (if applicable) | Rejection Date |
|---|---|---|---|---|
| Blacksburg<br>1614 South Main Street<br>Blacksburg, VA 24060 | Blacksburg APF Partners, LLC<br>c/o Chrysolite Management Group LLC<br>226 Wexler Street, Suite 200<br>Kingsport, TN 37660 | TBD | TBD | TBD |
| Cary<br>1140 Parkside Main Street<br>Cary, NC 27519 | KRG/PRISA II Parkside, LLC<br>30 South Meridian, Suite 1100<br>Indianapolis, Indiana 46204 | TBD | TBD | TBD |

---

[2] Related Property being abandoned by the Debtors may include such property in which a third party has an interest.