To:   RIKER, DANZIG, SCHERER,          PACHULSKI, STANG, ZIEHL
      HYLAND & PERRETTI, LLP            & JONES, LLP

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSY**

In re:
FRANK THEATRES BAYONNE/ SOUTH          Chapter 11
COVE, LLC et al.                       Case #: 18-34808 (SLM)

                    Debtors.           (Jointly Administered)

---

## DECLARATION OF TONYA SWIFT- FREEMAN IN RESPONSE TO THE LIQUIDATING TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW AND EXPUNGE CERTAIN NO LIABILITY CLAIMS

I, **TONYA SWIFT- FREEMAN**, hereby declares the following under penalty of perjury:

1.    I reside at 200 Rich Street Syracuse, NY 13204, my telephone number is 315-378-2066.

2.    My legal representative for my personal injury case is Nicholas, Perot, Smith, Welch & Smith located at 219 First Street Liverpool, NY 13088 with a phone number of 315-453-9426. They have authority to settle my case.

3.    That on, or about, February 13, 2015 at approximately 9:00 p.m., I was injured through the negligence of the Frank Theatre Bayonne/ South Cove, LLC, et al. (the debtor) when I was caused to slip and fall at their premises through their negligence, suffering serious injuries.

4.    That, specifically, I was caused to slip and fall at the debtor's premises located at "Revolutions" at the Destiny USA mall located at 9090 Destiny USA Drive Syracuse, New York 13204.

5.    That I was caused to slip and fall while bowling on the premises owned and operated by the debtor. I rented shoes from the debtor and was caused to fall due to the extremely slippery conditions and substances on the floor of the debtor's premises, which I contend the debtor created and/ or had notice of.

6.    As a result of the aforementioned accident, I was caused to go to Crouse Hospital Emergency Room and have x-rays which revealed a fractured right arm. (Attached as Exhibit A, please find the hospital records).

7. I am right handed. I received follow up care from Upstate Orthopedics as treatment for my right arm. (Attached as Exhibit B, please find records from Upstate Orthopedics).

8. Following the accident, I was contacted by Sedgwick Claims Management, the claims manager for the debtor herein.

9. After failing to adjust and settle my claim, I filed suit against the debtor's company herein, as well as various other defendants believed to be the entities owning the mall or have an affiliation with the debtor herein and the operation of "Revolutions" at Destiny.

10. A Summons and Complaint was filed through my attorneys, Nicholas, Perot, Smith, Welch and Smith, on February 8, 2018. (Attached as Exhibit C, please find the Summons and Complaint).

11. That on or about, March 20, 2018, an Answer was filed by the debtors through their attorney, Paul Mullin with the Sugarman Law Firm. (Attached as Exhibit D, please find the Answer).

12. On June 21, 2018, my personal injury attorneys, Nicholas, Perot, Smith, Welch & Smith, responded to the Demands for Discovery and a Verified Bill of Particulars. The Bill of Particulars and Discovery Demands are more fully set forth my claim herein against the debtor. (Attached as Exhibit E).

13. The liquidating trustees are requesting an order expunging and liquidating my claim in its entirety due to their belief that my claim is a "no liability claim".

14. That my attorneys Nicholas, Perot, Smith, Welch & Smith were notified by the debtor's attorney on or about February 14, 2019 to file a proof of claim against debtors with case number 18-34808 being my case number regarding my lawsuit. My proof of claim was filed on, or about, March 13, 2019 with the United States Bankruptcy Court District of New Jersey, under case number 18-34808 (SLM). The debtors were aware of the liabilities against them from my suit.

15. In the claim, personal injuries are stated as well as the amount I am seeking in damages. (Attached as Exhibit F, please find the proof of claim). The damages would include both general and special damages.

16.    That the liquidating Trustee's objection to claim does not specifically spell out any details regarding my claim, but appears to be merely a form objection to all claims they believe have "no liability".

17.    That for the reasons set forth herein it is respectfully requested that the liquidating trustee's fourth omnibus objection to claims seeking to disallow and expunge my claim as a no liability claim be denied.

Sworn to before me this 27th day of April, 2020.

Dated: ___4\27___ , 2020

Respectfully Submitted,

Tonya Swift- Freeman

Sworn to me this 27n,
Day of _____Aprx_____,2020
_____
Notary Public

ERIC P. SMITH
Notary Public, State of New York
Qualified in Onondaga County
My Commission Expires August 4, 2021

Ex. A

Ex. B

Ex. C

FILED: ONONDAGA COUNTY CLERK 02/08/2018 01:30 PM
INDEX NO. 001470/2018

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/08/2018

STATE OF NEW YORK
SUPREME COURT:    COUNTY OF ONONDAGA

---

TONYA FREEMAN
200 Rich Street
Syracuse, NY 13204

        -Plaintiff,

    vs.

DESTINY USA HOLDINGS, LLC
4 Clinton Square
Syracuse, NY 13202

        -Defendant,

DESTINY USA HOLDINGS, INC
4 Clinton Square
Syracuse, NY 13202

        -Defendant,

DESTINY USA MANAGEMENT COMPANY, LLC
4 Clinton Square
Syracuse, NY 13202

        -Defendant,

REVOLUTIONS AT DESTINY, LLC
111 Eighth Avenue
New York, NY 10011
Individually and d/b/a
REVOLUTIONS
9090 Destiny USA Dr.
Syracuse, NY 13204

        - Defendant,

FRANK ENTERTAINMENT GROUP, LLC
111 Eighth Avenue
New York, NY 10011
Individually and d/b/a
REVOLUTIONS
9090 Destiny USA Dr.
Syracuse, NY 13204

        - Defendant,

FRANK ENTERTAINMENT COMPANIES, LLC
1003 West Indiantown Rd
Suite 210
Jupiter, FL 33458
Individually and d/b/a
REVOLUTIONS
9090 Destiny USA Dr.
Syracuse, NY 13204

        -Defendant,

Plaintiff designates
Onondaga County as
the Place of Trial

**SUMMONS**
Index Number:
The basis of venue is
Onondaga County

Index # - 2018 - 1470

FILED: ONONDAGA COUNTY CLERK 02/08/2018 03:30 PM   INDEX NO. 001470/2018

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 02/08/2018

CITIGROUP GLOBAL MARKETS REALTY CORP.
388 Greenwich Street
New York, NY 10013
                    -Defendant,

TO THE ABOVE-NAMED DEFENDANT(S):

      You are hereby summoned to answer the Complaint in this action, and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance on the plaintiffs' attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York).

      In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: 2\8\18

                                  Eric P. Smith, Esq.
                                  NICHOLAS, PEROT, SMITH, WELCH & SMITH
                                  Attorneys for Plaintiff
                                  Office and Post Office Address
                                  219 First Street, P.O. Box 720
                                  Liverpool, New York   13088

FILED: ONONDAGA COUNTY CLERK 02/08/2018 01:30 PM      INDEX NO. 001470/2018

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 02/08/2018

STATE OF NEW YORK
SUPREME COURT:     COUNTY OF ONONDAGA

TONYA FREEMAN                                    Plaintiff designates
200 Rich Street                                  Onondaga County as
Syracuse, NY 13204                               the Place of Trial
                        -Plaintiff,
                                                 **COMPLAINT**
        vs.                                      Index Number:
                                                 The basis of venue is
DESTINY USA HOLDINGS, LLC                        Onondaga County
4 Clinton Square
Syracuse, NY 13202
                        -Defendant,              Index #: 2018-1470

DESTINY USA HOLDINGS, INC
4 Clinton Square
Syracuse, NY 13202
                        -Defendant,

DESTINY USA MANAGEMENT COMPANY, LLC
4 Clinton Square
Syracuse, NY 13202
                        -Defendant,

REVOLUTIONS AT DESTINY, LLC
111 Eighth Avenue
New York, NY 10011
Individually and d/b/a
REVOLUTIONS
9090 Destiny USA Dr.
Syracuse, NY 13204
                        - Defendant,

FRANK ENTERTAINMENT GROUP, LLC
111 Eighth Avenue
New York, NY 10011
Individually and d/b/a
REVOLUTIONS
9090 Destiny USA Dr.
Syracuse, NY 13204
                        - Defendant,

FRANK ENTERTAINMENT COMPANIES, LLC
1003 West Indiantown Rd
Suite 210
Jupiter, FL 33458
Individually and d/b/a
REVOLUTIONS
9090 Destiny USA Dr.
Syracuse, NY 13204
                        -Defendant,

FILED: ONONDAGA COUNTY CLERK 02/08/2018 01:30 PM    INDEX NO. 001470/2018

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/08/2018

CITIGROUP GLOBAL MARKETS REALTY CORP.
388 Greenwich Street
New York, NY 10013

                    -Defendant,

_____

The plaintiff, TONYA FREEMAN, complaining of the defendants by her attorneys, Nicholas, Perot, Smith, Welch & Smith, Eric P. Smith, of Counsel, respectfully states and alleges, upon information and belief, the following:

1.    Upon information and belief, that at all times hereinafter mentioned and at the commencement of this action, the plaintiff, TONYA FREEMAN, was and is a resident of the City of Syracuse, County of Onondaga, State of New York.

2.    That the incident which is the basis of this action took place in the County of Onondaga, State of New York.

3.    Upon information and belief, that the Defendant, **DESTINY USA HOLDINGS, LLC,** is and at all times hereafter was, a domestic limited liability company incorporated in the State of New York doing business under and by virtue of the State of New York with its main offices located at 4 Clinton Square Syracuse, NY 13202.

4.    Upon information and belief, at all time hereinafter mentioned, the Defendant, **DESTINY USA HOLDINGS, INC.,** is and hereafter was a domestic business corporation incorporated in the State of New York doing business under and by virtue of the laws of the State of New York, with its main offices at 4 Clinton Square Syracuse, NY 13202.

5.    That at all time hereinafter mentioned, the Defendant, **DESTINY USA MANAGEMENT COMPANY, LLC,** is and at all times hereinafter mentioned was a Domestic Limited liability Company incorporated in the State of New York doing business under and by virtue of the laws of the State of New York, with its main offices at 4 Clinton Square Syracuse, NY 13202.

6.    That at all time hereinafter mentioned, the Defendant, **REVOLUTIONS at DESTINY, LLC Individually and d/b/a REVOLUTIONS,** is and hereafter was a Foreign Limited Liability Company incorporated in the State of Delaware doing business as under and by virtue of the State of New York, with its main offices at 111 Eighth Avenue New York, NY 10011.

7.    That at all time hereinafter mentioned, the Defendant, **FRANK ENTERTAINMENT GROUP, LLC, Individually and d/b/a REVOLUTIONS,** is and hereafter was a Foreign Limited Liability Company incorporated in the State of Delaware doing business as under and by virtue of the State of New York, with its main offices at 111 Eighth Avenue New York, NY 10011.

8.    That at all time hereinafter mentioned, the Defendant, **FRANK ENTERTAINMENT COMPANIES, LLC., Individually and d/b/a REVOLUTIONS,** is and hereafter was a limited partnership incorporated in the State of Texas doing business as under and by virtue of the State of New York, with its main offices at 1811 Bering Drive Suite 400 Houston, TX.

FILED: ONONDAGA COUNTY CLERK 02/08/2018 05:30 PM       INDEX NO. 001470/2018

NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 02/08/2018

9.      That at all time hereinafter mentioned, the Defendant, **CITIGROUP GLOBAL MARKETS REALTY CORP.**, is and hereafter was a Domestic Business Corporation incorporated in the State of New York doing business as under and by virtue of the State of New York, with its main offices at 388 Greenwich St. New York, NY 10013.

10.     Upon information and belief, at all times hereinafter mentioned, the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees, managed, operated, maintained, leased and were responsible for maintenance, were the lessees and/or owners and were in possession and control of the premises located at or about Revolutions at Destiny USA 9090 Destiny USA Drive Syracuse, New York.

11.     Upon information and belief, on or about the 13th day of February, 2015, the Plaintiff TONYA FREEMAN, was at the premises of the Defendants located at REVOLUTIONS at DESTINY USA, at or about 9090 Destiny USA Drive, City of Syracuse, State of New York for the purpose of purchasing consumer products and services.

12.     Upon information and belief, that on or about the 13th day of February, 2015 at approximately 9:00 p.m. the Plaintiff, TONYA FREEMAN, was lawfully walking within the **REVOLUTIONS** located at or about the Defendant's premises located at or about DESTINY USA, 9090 Destiny USA Drive, City of Syracuse, State of New York when she was caused to slip to the ground as a result of the dangerous and hazardous conditions thereat, due to the negligence and carelessness of the Defendants herein, causing the Plaintiff to sustain severe and permanent personal injuries.

13.     Prior to the occurrence herein, the Defendants, their agents, servants and employees had possession of both actual and constructive notice concerning the defects and its actual condition hereinafter complained of.

14.     Upon information and belief, this action falls into one or more of the sections set forth in within § NY CPLR 1602.

**AS AND FOR A FIRST CAUSE OF ACTION
IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
AGAINST DEFENDANTS, DESTINY USA HOLDINGS, LLC.**

The Plaintiff, TONYA FREEMAN, repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

15.     That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN**, were caused solely by the negligence of the Defendants **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS**

AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, TONYA FREEMAN.

16.     That at all time herein after mentioned, the Defendants, DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their agents, servants and employees,  were careless and in violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

17.     That the Defendants, DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

18.     That the Defendants, DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/A REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and

FILED: ONONDAGA COUNTY CLERK 02/08/2018 01:30 PM    INDEX NO. 001470/2018

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/08/2018

other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

19.    Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN**, has been rendered sick, sore and disabled; suffered severe, serious and permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

20.    That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN**, has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION
IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
AGAINST DEFENDANTS, DESTINY USA HOLDINGS, INC.**

The Plaintiff, TONYA FREEMAN, repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

21. That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN**, were caused solely by the negligence of the Defendants **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, **TONYA FREEMAN**.

22.    That at all time herein after mentioned, the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees,  were careless and in

FILED: ONONDAGA COUNTY CLERK 02/08/2018 01:30 PM          INDEX NO. 001470/2018
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/08/2018

violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

23.     That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

24.     That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

25.     Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN,** has been rendered sick, sore and disabled; suffered severe, serious and permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to

FILED: ONONDAGA COUNTY CLERK 02/08/2018 05:30 PM    INDEX NO. 001470/2018
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/08/2018

attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

26.    That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN**, has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION
### IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
### AGAINST DEFENDANTS, DESTINY USA MANAGEMENT COMPANY, LLC.

The Plaintiff, **TONYA FREEMAN**, repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

27.    That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN**, were caused solely by the negligence of the Defendants **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, **TONYA FREEMAN**.

28.    That at all time herein after mentioned, the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees, were careless and in violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

29.    That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or

FILED: ONONDAGA COUNTY CLERK 02/08/2018 05:30 PM    INDEX NO. 001470/2018
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/08/2018

repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

30.    That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

31.    Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN,** has been rendered sick, sore and disabled; suffered severe, serious and permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

32.    That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN,** has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A FOURTH CAUSE OF ACTION
IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
AGAINST DEFENDANTS, REVOLUTIONS AT DESTINY
Individually and d/b/a REVOLUTIONS.**

The Plaintiff, TONYA FREEMAN, repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

33. That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN,**

were caused solely by the negligence of the Defendants **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, **TONYA FREEMAN.**

34.     That at all time herein after mentioned, the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees,  were careless and in violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

35.     That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

36.     That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers

FILED: ONONDAGA COUNTY CLERK 02/08/2018 05:30 PM    INDEX NO. 001470/2018

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/08/2018

and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

37.    Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN,** has been rendered sick, sore and disabled; suffered severe, serious and permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

38.    That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN,** has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A FIFTH CAUSE OF ACTION
IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
AGAINST DEFENDANTS, FRANK ENTERTAINMENT GROUP, LLC,
Individually and d/b/a REVOLUTIONS.**

The Plaintiff, TONYA FREEMAN, repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

39. That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN,** were caused solely by the negligence of the Defendants **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, **TONYA FREEMAN.**

40.    That at all time herein after mentioned, the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK**

FILED: ONONDAGA COUNTY CLERK 02/08/2018 07:30 PM    INDEX NO. 001470/2018
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/08/2018

ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their agents, servants and employees, were careless and in violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

41.    That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

42.    That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

43.    Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN,** has been rendered sick, sore and disabled; suffered severe, serious and

FILED: ONONDAGA COUNTY CLERK 02/08/2020 005:30 PM    INDEX NO. 001470/2018

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/08/2018

permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

44.      That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN**, has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A SIXTH CAUSE OF ACTION
IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
AGAINST DEFENDANTS, FRANK ENTERTAINMENT COMPANIES,
LLC Individually and d/b/a REVOLUTIONS.**

The Plaintiff, **TONYA FREEMAN**, repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

45.      That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN**, were caused solely by the negligence of the Defendants **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, **TONYA FREEMAN.**

46.      That at all time herein after mentioned, the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.**, their agents, servants and employees, were careless and in violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

47.      That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,**

FILED: ONONDAGA COUNTY CLERK 02/08/2018 05:30 PM   INDEX NO. 001470/2018
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 02/08/2018

their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

48.   That the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

49.   Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN,** has been rendered sick, sore and disabled; suffered severe, serious and permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

50.   That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN,** has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A SEVENTH CAUSE OF ACTION
IN FAVOR OF PLAINTIFF, TONYA FREEMAN,
AGAINST DEFENDANTS, CITIGROUP GLOBAL MARKETS REALTY
CORP.**

The Plaintiff, **TONYA FREEMAN,** repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as though it were more fully set forth at length herein.

51.   That the incident, injuries and damages sustained by the Plaintiff, **TONYA FREEMAN,**

FILED: ONONDAGA COUNTY CLERK 02/08/2018 01:30 PM    INDEX NO. 001470/2018

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/08/2018

were caused solely by the negligence of the Defendants DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS · AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their agents, servants and employees,, their agents, servants and employees, their servants, agents and employees without any comparative negligence on the part of the Plaintiff, TONYA FREEMAN.

52. That at all time herein after mentioned, the Defendants, DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their agents, servants and employees, were careless and in violation of the Statutes and Ordinances pertaining thereto, failed to properly construct and/or maintain the foresaid bowling alley and walkway area; failed to properly inspect the foresaid bowling alley and walkway area located near the REVOLUTIONS; and failed to keep said walk area in otherwise safe manner for foreseeable use; failed to adequately and properly illuminate the aforesaid area; failed to clear the area of debris; and was otherwise negligent.

53. That the Defendants, DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their servants, agents and employees, were negligent by carelessly and recklessly failing to maintain and/or repair the aforesaid bowling alley area located on the Defendant's premises, therefore making it unsafe and insecure for foreseeable use for visitors and other permissible users.

54. That the Defendants, DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP., their servants, agents and employees were negligent in creating, causing, permitting and allowing said walkway area to become and remain in a traplike, hazardous and dangerous condition and thereby constituting a nuisance, danger, menace and hazard; by knowingly and for an unreasonable length of time, failing to remove debris from around the aforementioned areas, for the foreseeable use of visitors, consumers

and other permissible users; for recklessly failing to properly maintain the premises; by failing to repair, construct and essentially maintain the aforesaid walkway and parking lot area for visitors, consumers and other permissible users of the area aforementioned in the complaint herein; and were otherwise negligent, careless in totally failing to exercise care, properly construct or use diligence or prudence in the use and operation of the premises.

55.      Due to the negligence of the Defendants, **DESTINY USA HOLDINGS, LLC, DESTINY USA HOLDINGS, INC., DESTINY USA MANAGEMENT COMPANY, LLC, REVOLUTIONS AT DESTINY, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINEMNT GROUP, LLC Individually and d/b/a REVOLUTIONS, FRANK ENTERTAINMENT COMPANIES, LLC Individually and d/b/a REVOLUTIONS, CITIGROUP GLOBAL MARKETS REALTY CORP.,** their servants, agents and employees which resulted in the above mentioned incident, the Plaintiff, **TONYA FREEMAN,** has been rendered sick, sore and disabled; suffered severe, serious and permanent injuries; has sustained severe and extreme mental, emotional and physical pain and suffering; has and will require medical treatment; suffered aggravations to preexisting conditions; was and will be unable to attend to her duties and usual activities, including that of income production; was otherwise injured and damaged.

56.      That as a result of the aforesaid, Plaintiff, **TONYA FREEMAN,** has sustained damages in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE,** the Plaintiff, **TONYA FREEMAN,** demands judgment against the Defendants jointly and severally herein; upon each and every cause of action, in a sum exceeding the jurisdictional limits of all lower courts; together with the interests, costs and disbursements in this action, as well as any additional relief that the Court may deem just and proper, whether or not demanded.

Dated:  2\8\18

Eric P. Smith, Esq.
NICHOLAS, PEROT, SMITH, WELCH & SMITH
Attorneys for Plaintiff
219 First Street, P.O. Box 720
Liverpool, New York 13088
(315) 453-9426

STATE OF NEW YORK          )
                           )
COUNTY OF ONONDAGA         )     ss:

I, TONYA FREEMAN, being duly sworn, deposes and says;

I am the Plaintiff in the actions within; that I have read the foregoing Verified Bill of

Particulars and know the contents thereof; that the same is true to my own knowledge, except as

to the matters therein stated to be alleged on information and belief, and that as to those matters I

believe them to be true.

DATED: 2\8\18

_____
TONYA FREEMAN

Sworn to me this ____,
Day of February, 2018

_____
Notary Public

ERIC P. SMITH
Notary Public, State of New York
Qualified in Onondaga County
My Commission Expires August 4, 2021

EX. D

FILED: ONONDAGA COUNTY CLERK 03/20/2018 01:34 PM    INDEX NO. 001470/2018
NYSCEF DOC. NO. 5                                              RECEIVED NYSCEF: 03/20/2018

STATE OF NEW YORK SUPREME COURT
COUNTY OF ONONDAGA

---

| | |
|---|---|
| TONYA FREEMAN, | **ANSWER** |
| Plaintiff, | |
| vs. | **INDEX NO.:**  001470/2018 |
| | **RJI No.:** |
| DESTINY USA HOLDINGS, LLC; DESTINY | **JUDGE:** |
| USA HOLDINGS, INC., DESTINY USA | |
| MANAGEMENT COMPANY, LLC; | |
| REVOLUTIONS AT DESTINY, LLC; | |
| FRANK ENTERTAINMENT GROUP, LLC; | |
| FRANK ENTERTAINMENT COMPANIES, LLC; | |
| and CITIGROUP GLOBAL MARKETS REALTY | |
| CORP., | |
| Defendants. | |

---

The defendants, Revolutions at Destiny, LLC; Frank Entertainment Group, LLC; and Frank

Entertainment Companies, LLC, by Sugarman Law Firm, LLP, answering the Complaint of the plaintiff,

alleges:

    1.    ADMITS, upon information and belief, the allegations contained in paragraphs "6", and

"8".

    2.    DENIES knowledge and information sufficient to form a belief as to the allegations

contained in paragraphs "1", "2", "3", "4", "5", "7", and "9".

    3.    DENIES the allegations contained in paragraphs "10", "11", "12", "13", "14", "15", "16",

"17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34",

"35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52",

"53", "54",  and "55".

4.      DENIES each and every other allegation not hereinbefore specifically admitted, controverted or denied.

### AS AND FOR A FIRST AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

5.      That the plaintiff assumed risks which caused or contributed to plaintiff's injuries.

### AS AND FOR A SECOND AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

6.      That whatever injuries the plaintiff sustained were caused or were contributed to by the culpable conduct of the plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

7.      That the accident and injuries complained of in the plaintiff's complaint were caused or brought about by the negligence of a third person or persons over whom the defendants herein had no control and for whose acts these defendants are in no way responsible.

### AS AND FOR A FOURTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

8.      In the event plaintiff has judgment against these defendants, the defendants are entitled to set-off or reduction of any damage award, liability for which is expressly denied, for amounts received from any collateral sources as defined by CPLR §4545, including but not limited to, insurance, Social Security, Workers' Compensation, or employee benefit programs.

### AS AND FOR A FIFTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

9.      That the cause of action in the complaint is barred by the applicable statute of limitations.

-2-

Sugarman Law Firm, LLP • 211 West Jefferson Street • Syracuse, NY 13202-2680

### AS AND FOR A SIXTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

10.     That the complaint fails to state a cause of action upon which relief may be properly

granted.

### AS AND FOR A SEVENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

11.     Plaintiff has failed to take all reasonable and necessary steps to mitigate her damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

12.     That the defendants' liability is limited according to Article 16 of the CPLR.

WHEREFORE, defendants demand judgment dismissing the complaint together with the costs

and disbursements of this action.

Dated:  March 19, 2018

Paul V. Mullin, Esq.
**SUGARMAN LAW FIRM, LLP**
Attorneys for Revolutions at Destiny, LLC; Frank Entertainment
Group, LLC; and Frank Entertainment Companies, LLC
Office and Post Office Address
211 West Jefferson Street
Syracuse, New York  13202
Telephone:  (315) 474-2943

TO:
    Eric P. Smith, Esq.
    **NICHOLAS, PEROT, SMITH WELCH & SMITH**
    Attorneys for Tonya Freeman
    Office and Post Office Address
    219 First Street
    PO Box 720
    Liverpool, New York 13088
    Telephone:  (315) 453-9426

-3-

Ex. E

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ONONDAGA

_____

TONYA FREEMAN,

-                Plaintiff,                                                VERIFIED BILL
                                                                          OF PARTICULARS
-vs-

DESTINY USA HOLDINGS, LLC; DESTINY
USA HOLDINGS, INC., DESTINY USA
MANAGEMENT  COMPANY, LLC;
REVOLUTIONS AT DESTINY, LLC;
FRANK ENTERTAINMENT GROUP, LLC;
FRANK ENTERTAINMENT COMPANIES, LLC;
And CITIGROUP GLOBAL MARKETS REALTY
CORP.,                                                                   Index No.: 001470/2018
-                Defendants.

_____

The Plaintiff, TONYA FREEMAN, by and through her attorneys, Nicholas, Perot, Smith,

Welch & Smith, P.C., Eric P. Smith, Esq., of Counsel, as and for her verified bill of particulars,

hereby states the following:

1.        Set forth the name, current address, date of birth, marital status and Social

Security number of the plaintiff.

**RESPONSE:** Plaintiff's name is Tonya Freeman her current address is 200 Rich Street

Syracuse, New York 13204. Her date of Birth is June 13, 1967 and she is getting a divorce. Her

Social Security Number is 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.

2.        Set forth the date, time, and location of occurrence alleged in the Complaint.

**RESPONSE:** Upon information and belief the incident in question happened on

February 13, 2015 at approximately 9:30 p.m. belief the incident in question happened at

Revolution Bowling Alley in Destiny USA Mall.

that defendant knew or should have known of the said dangerous and defective conditions and

did not remedy the same. Plaintiff reserves the right to amend and supplement this response as

additional information should become available throughout the discovery process.

    4.    Set forth a statement of the acts or omissions constituting the negligence on the

part Revolutions at destiny, LLC; Frank Entertainment, LLC; and Frank Entertainment

Companies, LLC.

**RESPONSE:** The aforementioned Defendant**, DESTINY USA HOLDINGS, LLC,**

**DESTINY USA HOLDINGS, INC. DESTINY USA MANAGEMENT COMPANY, LLC,**

**REVOLUTIONS AT DESTINY, LLC, FRANK ENTERTAINMENT GROUP, LLC,**

**FRANK ENTERTAINMENT COMPANIES, LLC, CITIGROUP GLOBAL MARKETS**

**REALITY GROUP.,** was negligent, careless and reckless in failing to clear, or to adequately

maintain the area or removing hazardous slippery substances from the bowing lane of

Revolutions Bowling alley in Destiny USA Mall; in failing to ,maintain, sand and/or remove

slippery substance from the abutting bowling lane in Revolutions Bowling Alley in Destiny USA

Mall in Syracuse, New York; in causing, creating, permitting and allowing the abutting bowling

lane at Revolutions Bowling Alley in Destiny USA Mall in Syracuse, New York to become, and

remain, in a trap-like, hazardous and dangerous condition, thereby constituting a nuisance,

danger, menace, and hazard; in failing to warn, or to adequately warn, foreseeable users of the

abutting bowling lane in Revolutions bowling alley located in Destiny USA Mall in Syracuse,

bowling lane in Revolutions bowling alley located in Destiny USA Mall in Syracuse, New York

of potential hazards; and were otherwise negligent and/or careless in failing to exercise care and

diligence in maintaining the abutting.  Plaintiff further reserves the right to amend and

supplement this response as additional information should become available throughout the discovery process.

5.      Specify the statutes, ordinances, rules or regulations, stating the sections or paragraphs thereof, which it is claimed were violated by Revolutions at Destiny, LLC; Frank Entertainment Group, LLC; and Frank Entertainment Companies, LLC.

**RESPONSE:** Pursuant to <u>Souveran Fabrics Corp. v. Virginia Fiber Corp., 301 N.Y.S. 3d 273</u>, the plaintiff objects to this particular as no particularization of the violation of any statute or any ordinance need be given a the trial court will be required to take judicial notice of and charge each and every violation found to have occurred upon trial of this action.

6.      Set forth in detail a full description of any injuries, conditions and syndromes plaintiff claims were caused or aggravated by the occurrence.

(a)      Specify which of such injuries, conditions and syndromes are claimed to still exist.

(b)      Specify which of such injuries, conditions and syndromes are claimed will be permanent.

**RESPONSE:** Plaintiff's injuries include but are not limited to:

- Displaced radial head fracture

- Low back pain

- Right leg pain

- Annual tear at L4-5

- Arm pain of the radius and ulnar

- Tenderness over the lateral epicondyle

- Aggravation of asymptomatic back, leg and arm.

All of the aforementioned injuries are claimed to still exist and to be permanent. Plaintiff reserves the right to supplement and/or amend this response as additional information should become available throughout the discovery process, up to and including the time of trial. Plaintiff reserves the right to amend and supplement this response as additional information should become available throughout the discovery process.

     7.    Set forth:

     (i)    The name, address, dates of treatment, nature of the treatment and the total expense incurred for each of the following:

     (a)    Hospitals;

     (b)    Physicians;

     (c)    Dentists;

     (d)    Mental health providers

     (e)    Physical therapists;

     (f)    Nurses; and

     (g)    any other person or entity which provided services or treatment to the plaintiff for the injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the occurrence; and

     (ii)    the name, address, date of service or sale, description of the service or items supplied and total expense for each of the following:

     (a)    Medical supplies;

     (b)    X-rays, CT scans, MRIs;

     (c)    Ambulance;

     (d)    Prescription medications;

     (e)     Orthopedic appliances, braces, prosthetic devices;

     (f)     Dental appliances;

     (g)     Housekeeping services; and

     (h)     any other expense incurred by the plaintiff as a result of the

injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the

occurrence.

**RESPONSE:** Plaintiff treated at Crouse Hospital the day after her accident on 2/14/15

located at 736 Irving Avenue Syracuse, New York 13210 with Jamie A. Aurino, PA. Plaintiff

also treated at Upstate Orthopedics located at 6620 Fly Road Ste 100 East Syracuse, 13057 on

2/18/15, 3/4/15 and 3/24/15 with Ian A. Madom, MD. Plaintiff will claim present and future

medical expenses, special damages, loss of earnings and other necessary expenses.  However,

plaintiff still has outstanding bills, the amount of which is unknown at this time. Plaintiff has

requested this information and will supplement this response upon receipt.  Plaintiff further

reserves the right to amend and supplement this response as additional information should

become available through the discovery process.

    8.    Set forth:

     (i)     The nature of the treatment needed and the total expense which plaintiff

claims will be incurred in the future for each of the following.

     (a)     Hospitals;

     (b)     Physicians;

     (c)     Dentists;

     (d)     Mental health providers

     (e)     Physical therapists;

(f)    Nurses; and

(g)    Any other person or entity which will provide services or treatment to the plaintiff in the future for the injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the occurrence and state the nature of such service or treatment and the total claimed; and

(ii)    A description of the service or items to be supplied in the future and the total expense for each of the following:

(a)    Medical supplies;

(b)    X-rays, CT scans, MRIs;

(c)    Ambulance;

(d)    Prescription medications;

(e)    Orthopedic appliances, braces, prosthetic devices;

(f)    Dental appliances;

(g)    Housekeeping services; and

(h)    Any other expense plaintiff claims will be incurred in the future by the plaintiff as a result of the injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the occurrence.

**RESPONSE:** Plaintiff will claim present and future medical expenses, special damages, loss of earnings and other necessary expenses. However, plaintiff still has outstanding bills, the amount of which is unknown at this time. Plaintiff has requested this information and will supplement this response upon receipt. Plaintiff further reserves the right to amend and supplement this response as additional information should become available through the discovery process.

9.    Set forth the dates on which the plaintiff was confined to:

(a)    bed; and

(b)    home

**RESPONSE:** The plaintiff was confined to her bed intermittently following the incident in question.

10.    Set forth:

(a)    The name and address of plaintiff's employer on the date of the occurrence;

(b)    The plaintiff's job title or position and a description of the plaintiff's job duties at the time of the occurrence;

(c)    The plaintiff's hourly, weekly, monthly or annual wage or salary at the time of the occurrence.

(d)    The dates of the incapacity from working at said employment as a result of the injuries, conditions and syndromes plaintiff claims were caused or aggravated by the occurrence.

(e)    The total amount of lost earnings which plaintiff claims has been lost to date as a result of the injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the occurrence; and

(f)    The total amount of earnings which plaintiff claims will be lost in the future as a result of the injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the occurrence.

**RESPONSE:**

**(a)** Plaintiff works at Crouse Hospital located at 736 Irving Ave, Syracuse, NY 13210.

**(b)** Plaintiff works as a Medical Secretary.

(c) Plaintiff was making $20.90 an hour working 40 hours a week at the time of the accident.

(d) Upon information and belief, Plaintiff missed 4 weeks of work because of her injuries.

(e) Total loss of wages is unknown at this time.

(f) Total loss of future earnings in unknown at this time.

11.    Set forth:

(a)    The name and address of the school plaintiff was attending at the time of the occurrence;

(b)    The grade attached at the time of the occurrence; and

(c)    The dates of incapacity from attending said school as a result of the injuries, conditions and syndromes which plaintiff claims were caused or aggravated by the occurrence.

**RESPONSE:** Plaintiff was not attending school at the time of the incident.

12.    Set forth a statement specifying the period to be claimed for loss of society, companionship, affection or services and describe the services lost.

**RESPONSE:** Plaintiff is not claiming loss of society, companionship, affection or services.

13.    Set forth any other item of special damage claimed by the plaintiff as a result of the occurrence and the amount claimed.

**RESPONSE:** Plaintiff is claiming Special Damages in which the amount is unknown at this time.

14.    Set forth the name and address of each and every medical provider the plaintiff
treated with prior to the subject accident, for injuries to similar areas of the body allegedly inured
in this accident.

**RESPONSE:** Plaintiff treated at Crouse Hospital the day after her accident on 2/14/15
located at 736 Irving Avenue Syracuse, New York 13210 with Jamie A. Aurino, PA. Plaintiff
also treated at Upstate Orthopedics located at 6620 Fly Road Ste 100 East Syracuse, 13057 on
2/18/15, 3/4/15 and 3/24/15 with Ian A. Madom, MD.  Plaintiff further reserves the right to
amend and supplement this response as additional information should become available through
the discovery process.

Dated:        Liverpool, New York

              June 21, 2018

                                        _____
                                        Eric P. Smith, Esq.
                                        Nicholas, Perot, Smith, Welch & Smith
                                        Attorneys for Plaintiff, *Tonya Freeman*
                                        219 First Street
                                        P.O. Box 720
                                        Liverpool, New York 13088
                                        (315) 453-9426

TO:    Paul V. Mullin, Esq.
       **SUGARMAN LAW FIRM, LLP**
       Attorneys for Revolutions at Destiny, LLC; Frank Entertainment
       Group, LLC; and Frank Entertainment Companies, LLC
       Office and Post Office Address
       211 West Jefferson Street, Ste 20
       Syracuse, New York 13202
       (315) 474-2943

EX. F

Fill in this information to identify the case:

Debtor 1   Frank Theatres Bayonne South
                                    Cove, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of New Jersey

Case number   18-34808

RECEIVED
MAR 1 3 2019
Prime Clerk LLC

COPY

## Official Form 410

# Proof of Claim

Claim No. [ 236 ]
Initials [ AR ] [ NA ]

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Nicholas, Perot, Smith, Welch & Smith |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| | | |
|---|---|---|
| 2. | Has this claim been acquired from someone else? | ☒ No |
| | | ☐ Yes. From whom? _____ |

| | | | |
|---|---|---|---|
| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Nicholas, Perot, Smith, Welch & Smith | |
| | | Name | Name |
| | | 219 First St. | |
| | | Number  Street | Number  Street |
| | | Liverpool, NY   13088 | |
| | | City    State    ZIP Code | City    State    ZIP Code |
| | | Contact phone  315-453-9424 | Contact phone _____ |
| | | Contact email  esmith@npslaws.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

— — — — — — — — — — — — — — — — — — — — — — — —

| | | | |
|---|---|---|---|
| 4. | Does this claim amend one already filed? | ☒ No | |
| | | ☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on _____
MM  / DD  / YYYY |

| | | |
|---|---|---|
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
| | | ☐ Yes.  Who made the earlier filing? _____ |

**Part 2:**  Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

7. How much is the claim?   $ _250,000.00_ . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Personal Injury_

9. **Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                        $_____

Amount of the claim that is secured:      $_____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. **Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | |
| | | ☐ Yes. Check one: | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3 / 12 / 2019
                  MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

| Name | Eric    P.   Smith, ESQ. |
|---|---|
| | First name / Middle name / Last name |
| Title | Nicholas, Perot, Smith, Welch & Smith |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 219 First St. |
| | Number    Street |
| | Liverpool                    NY          13088 |
| | City                         State       ZIP Code |
| Contact phone | 315-453-9426    Email  esmith@npslaws.com |

Official Form 410                    **Proof of Claim**                    page 3

SRF 30899

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| In re: | Chapter 11 |
|---|---|
| FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1] | Case No. 18-34808 (SLM) |
| Debtors. | Jointly Administered |

**NOTICE OF DEADLINE FOR FILING
PROOFS OF CLAIM AGAINST THE DEBTORS**

TO:   ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ENTITIES LISTED BELOW

| DEBTOR | ADDRESS | CASE NO. | TAXPAYER ID NO. |
|---|---|---|---|
| Frank Theatres Bayonne/South Cove, LLC | 191 Lefante Way Bayonne, NJ 07002 | 18-34808 | 26-1383162 |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

35986/2
02/14/2019 203438049.2

| DEBTOR | ADDRESS | CASE NO. | TAXPAYER ID NO. |
|---|---|---|---|
| Frank Entertainment Group, LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34812 | 46-5153966 |
| Frank Management LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34818 | 20-5060186 |
| Frank Theatres, LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34820 | 46-5153966 |
| Frank All Star Theatres, LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34822 | 20-5060420 |
| Frank Theatres Blacksburg LLC | 1614 South Main St. Blacksburg, VA 24060 | 18-34823 | 38-3932964 |
| Frank Theatres Delray, LLC | 14775 Lyons Road Delray Beach, FL 33446 | 18-34824 | 26-1777655 |
| Frank Theatres Kingsport LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34825 | 38-3895083 |
| Frank Theatres Montgomeryville, LLC | 750 Montgomery Glen Drive Lansdale, PA 19446 | 18-34826 | 26-1780692 |
| Frank Theatres Parkside Town Commons LLC | 1140 Parkside Main St. Cary, NC 27519 | 18-34828 | 26-2139724 |
| Frank Theatres Rio, LLC | 3801 Route 9 South Suite 1 Rio Grande, NJ 08242 | 18-34816 | 26-1381591 |
| Frank Theatres Towne, LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34830 | 26-1381528 |
| Frank Theatres York, LLC | 2067 Springwood Road York, PA 17403 | 18-34832 | 26-1777779 |

-2-

| DEBTOR | ADDRESS | CASE NO. | TAXPAYER ID NO. |
|---|---|---|---|
| Frank Theatres Mt. Airy, LLC | 605 Bluemont Road Mt. Airy, NC 27030 | 18-34833 | 26-1767429 |
| Frank Theatres Southern Pines, LLC | 104 Brucewood Road Southern Pines, NC 28387 | 18-34837 | 26-1202508 |
| Frank Theatres Sanford, LLC | 1351 Douglas Drive Sanford, NC 27330 | 18-34839 | 26-1767475 |
| Frank Theatres Shallotte, LLC | 5200 Bridger Road Shallotte, NC 28470 | 18-34840 | 26-1767548 |
| Revolutions at City Place LLC | 477 S. Rosemary Ave. West Palm Beach, FL 33401 | 18-34841 | 36-4716048 |
| Revolutions of Saucon Valley LLC | 3717 Route 378 Bethlehem, PA 18015 | 18-34844 | 38-3881135 |
| Frank Entertainment Rock Hill LLC | 2225 Dave Lyle Blvd Rock Hill, SC 29730 | 18-34845 | 38-3880753 |
| Frank Entertainment PSL, LLC | 3801 PGA Blvd. Suite 600 Palm Beach Gardens, FL 33410 | 18-34846 | 61-1737033 |
| Frank Hospitality Saucon Valley LLC | 3717 Route 378 Bethlehem, PA 18015 | 18-34844 | 80-0848570 |
| Frank Hospitality York LLC | 2067 Springwood Road York, PA 17403 | 18-34848 | 26-4226617 |
| Galleria Cinema, LLC | 2111 Tamiami Trail Venice, FL 34293 | 18-34849 | 20-4402529 |

On February 14, 2019, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an Order (the "Bar Date Order") establishing **March 13, 2019 at 5:00 p.m. (ET)** (the "General Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and non-governmental units) other

than governmental units (as defined in section 101(27) of title 11 of the United States Code (the "Bankruptcy Code")), to file a proof of claim with respect to any claim against the Debtors listed above (collectively, the "Debtors"), <u>including but not limited to all claims of setoff or recoupment and claims arising under section 503(b)(9) of the Bankruptcy Code</u>, that arose or is deemed to have arisen on or prior to December 19, 2018 (the "Petition Date"), the date on which the Debtors commenced their cases under chapter 11 of the Bankruptcy Code. **For the avoidance of doubt, the General Bar Date established by the Bar Date Order supersedes any prior notice of a different bar date or deadline for filing proofs of claim, whether posted on the Court's docket or otherwise.**

The Bar Date Order also established **June 17, 2019, at 5:00 p.m. (ET)** (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates") as the last date for all governmental units holding claims against the Debtors that arose or are deemed to have arisen on or prior to the Petition Date to file a proof of claim against the Debtors.

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose on or prior to the Petition Date, except for those holders of the claims listed in Section 4 below that are specifically exempted from the requirements of the Bar Date Order.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose on or prior to the Petition Date **(including under section 503(b)(9) of the Bankruptcy Code),** and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code, and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment,

-4-

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Your filed proof of claim must conform substantially to Official Bankruptcy Form No. 410. Official Bankruptcy Form No. 410, along with coinciding instructions, may be obtained at: http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0.

The Debtors are enclosing a proof of claim form (the "Proof of Claim Form") that conforms substantially to Official Bankruptcy Form No. 410 and has been approved by the Court for use in the Debtors' chapter 11 cases. You may utilize the enclosed Proof of Claim Form or a photocopy of it to file your claim. Though the Proof of Claim Form is enclosed, the Proof of Claim Form may also be obtained by requesting a copy from the Debtors' claims and noticing agent, Prime Clerk LLC (the "Claims Agent") by: (i) telephone: 844-205-7386 (toll-free) or 347-576-1553, or (ii) e-mail: frankentertainmentinfo@primeclerk.com. Moreover, all court documents are available for free on the Claims Agent's website: https://cases.primeclerk.com/frankentertainment/Home-Index.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All proofs of claim must be written in English, designate the specific Debtor the claim is asserted against, and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

3.    **WHEN AND WHERE TO FILE**

Proofs of claim will be deemed timely filed only if **actually received** by the Claims Agent on or before the applicable Bar Date. Proofs of claim may be delivered to the Claims Agent by mail, hand delivery, or overnight courier to the address below:

> Frank Theatres Bayonne/South Cove, LLC Claims Processing Center
> c/o Prime Clerk LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

Proofs of claim may also be filed electronically using the interface available on the Claims Agent's website at https://cases.primeclerk.com/frankentertainment/EPOC-Index. A working e-mail address is required for online submission of proofs of claim.

**PROOFS OF CLAIM MAY NOT BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL (OTHER THAN ELECTRONICALLY FILING USING THE INTERFACE DESCRIBED IN THE PARAGRAPH ABOVE).**

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or prior to the applicable Bar Date if you are:

(a)    Any person or entity that has already filed a proof of claim in the Chapter 11 Cases with the Clerk of the Bankruptcy Court for the District of New Jersey or the Claims Agent in a form substantially similar to the Proof of Claim Form or Official Bankruptcy Form 410;

(b)    A person or entity whose claim is listed in the Schedules (defined below) filed with the Court by a particular Debtor if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) you do not disagree with the amount and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any person or entity whose claim is based on an equity interest in any of the Debtors, other than a claim of the type described in section 510(b) of the Bankruptcy Code;

-6-

(d)  A holder of a claim that has previously been allowed by order of the Court;

(e)  A holder of a claim that has been paid in full by the Debtors;

(f)  A holder of a claim for which a specific, different deadline to file a proof of claim has previously been fixed by the Court;

(g)  Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, provided, however, that any holder of a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code must file a proof of claim asserting such claim on or before the applicable Bar Date; or

(h)  A professional retained by the Debtors or the Committee pursuant to an order of the Court who asserts an administrative claim for fees and expenses subject to the Court's approval pursuant to section 330 or 331 of the Bankruptcy Code.

**This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not mean that you have a claim against the Debtors or that the Debtors or the Court believe that you have a claim against the Debtors.**

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPT FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING WITH RESPECT TO SUCH CLAIM ON ANY CHAPTER 11 PLAN FILED IN THE DEBTORS' CHAPTER 11 CASES, AND

FROM PARTICIPATING IN ANY PAYMENT OR DISTRIBUTION TO CREDITORS IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, UNLESS OTHERWISE ORDERED BY THE COURT.

### 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities (collectively, the "Schedules"), which the Debtors have filed on January 25, 2019.

If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.  If (a) you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, (b) you do not dispute that your claim is only against the Debtor specified by the Debtors in the Schedules, and (c) your claim is not described as "disputed," "contingent" or "unliquidated" in the Schedules, you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection at http://ecf.njb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records (PACER) system are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.  In addition, copies of the Schedules may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, 50 Walnut Street, Newark, New Jersey 07102. Finally, copies of the Debtors' Schedules may be obtained by written request to Debtors' counsel, Lowenstein Sandler LLP, Attn: Michael Papandrea, Esq., One Lowenstein Drive, Roseland, NJ 07068.

*[Remainder of page intentionally left blank]*

A holder of a claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.

**BY ORDER OF THE COURT**

Dated:  February 14, 2019

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

United States Bankruptcy Court for the District of New Jersey

Fill in this information to identify the case. Identify the applicable Debtor by checking a box below (Select only one Debtor per claim form):

☐ Frank Theatres Bayonne/South Cove, LLC (18-34808)
☐ Frank Entertainment Group, LLC (18-34812)
☐ Frank Theatres Rio, LLC (18-34816)
☐ Frank Management, LLC (18-34818)
☐ Frank Theatres, LLC (18-34820)
☐ Frank All Star Theatres, LLC (18-34822)
☐ Frank Theatres Blacksburg LLC (18-34823)
☐ Frank Theatres Delray, LLC (18-34824)
☐ Frank Theatres Kingsport LC (18-34825)
☐ Frank Theatres Montgomeryville, LLC (18-34826)
☐ Frank Theatres Parkside Town Commons, LLC (18-34828)
☐ Frank Theatres Towne, LLC (18-34830)

☐ Frank Theatres York, LLC (18-34832)
☐ Frank Theatres Mt. Airy, LLC (18-34833)
☐ Frank Theatres Southern Pines, LLC (18-34837)
☐ Frank Theatres Sanford, LLC (18-34839)
☐ Frank Theatres Shallotte, LLC (18-34840)
☐ Revolutions at City Place, LLC (18-34841)
☐ Revolutions of Saucon Valley LLC (18-34844)
☐ Frank Entertainment Rock Hill, LLC (18-34845)
☐ Frank Entertainment PSL LLC (18-34846)
☐ Frank Hospitality Saucon Valley LLC (18-34847)
☐ Frank Hospitality York, LLC (18-34848)
☐ Galleria Cinema, LLC (18-34849)

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known) _____

Filed on ___/___/___
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___  ___  ___  ___ |
| 7. How much is the claim? | $_____. Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. Is all or part of the claim secured? | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                    $_____<br><br>Amount of the claim that is secured:    $_____<br><br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☐ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition:    $_____ |
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number      Street

_____
City                    State      ZIP Code

Contact phone _____    Email _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- ☒ Fill in all of the information about the claim as of the date the case was filed.

- ☒ Fill in the caption at the top of the form.

- ☒ If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ☒ Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ☒ Do not attach original documents because attachments may be destroyed after scanning.

- ☒ If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- ☒ A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- ☒ For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/frankentertainment.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to *privacy* on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Frank Theatres Bayonne/South Cove, LLC
Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

To:    RIKER, DANZIG, ,SCHERER,          PACHULSKI, STANG, ZIEHL
        HYLAND & PERRETTI, LLP            & JONES, LLP

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSY**

In re:

FRANK THEATRES BAYONNE/ SOUTH             Chapter 11
COVE, LLC et al.                          Case #: 18-34808 (SLM)

                Debtors.                  (Jointly Administered)

                                          CERTIFICATION OF SERVICE

I, Brittany Gates:

1. That I am from the law firm of Nicholas, Perot, Smith, Welch and Smith, the personal
   injury attorney for Tonya Swift- Freeman.

2. That on April 27, 2020, I sent a copy of the following via overnight mail:

   **Declaration of Tonya Swift- Freeman in Response to the Liquidating Trustee's
   Fourth Omnibus Objection to Claims Seeking to Disallow and Expunge Certain No
   Liability Claims**

   to the parties listed on the master service list:

   -   US Bankruptcy Court District of New Jersey
       Via Overnight Mail #: EL797329754

   -   Pachulski, Stang, Ziehl & Jones
       Via Overnight Mail #: EL797329768

   -   Riker, Danzig, Scherer, Hyland
       Via Overnight Mail #: EL797329745

3. I hereby certify under penalty of perjury that the above documents were sent using the
   mode of service indicated.

Dated: April 27, 2020

                                          Brittany Gates