| | |
|---|---|
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| Joseph L. Schwartz (JS-5525) | Bradford J. Sandler (NJ Bar No. BS-1367) |
| Tara J. Schellhorn (TS-8155) | Shirley S. Cho (admitted *pro hac vice*) |
| Headquarters Plaza, One Speedwell Avenue | 780 Third Avenue, 34th Floor |
| Morristown, NJ 07962-1981 | New York, NY 10017 |
| Telephone: (973) 583-0800 | Telephone: (212) 561-7700 |
| Facsimile: (973) 583-1984 | Facsimile: (212) 561-7777 |
| Email: jschwartz@riker.com | E-mail: bsandler@pszjlaw.com |
| tschellhorn@riker.com | scho@pszjlaw.com |

*Counsel to the Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-34808 (SLM)<br><br>Jointly Administered |

**LIQUIDATING TRUST'S APPLICATION FOR ENTRY OF STIPULATION AND CONSENT ORDER (I) WITHDRAWING CLAIM NUMBER 73 AND (II) REDUCING CLAIM NUMBER 74 FILED BY TWENTIETH CENTURY FOX FILM CORP.**

Advisory Trust Group, LLC, in its capacity as Trustee (the "Liquidating Trustee") of the Frank Theaters Liquidating Trust (the "Liquidating Trust"), by and through its undersigned counsel, hereby submit this application (the "Application") for entry of the stipulation and consent order (the "Consent Order"), submitted to the Court on the date hereof, with respect to the claims filed by Twentieth Century Fox Film Corp. (the "Claimant") including

---

[1] The Post-Confirmation Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank All Star Theatres, LLC (0420); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); and Galleria Cinema, LLC (2529).

the following (i) proof of claim number 73 in the amount of $130,894.89 on behalf of Claimant against Debtor Frank Theatres Bayonne/South Cove LLC ("Claim 73"); and (ii) proof of claim number 73 in the amount of $130,894.89 on behalf of Claimant against Debtor Frank Entertainment Group LLC ("Claim 74") (Claim 73 and 74 are collectively referred to as the "Claims"). In support of this Application, the Liquidating Trust respectfully submits as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 9021-1(b) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

**A.    General Background**

3. On December 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. The Debtors continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On July 29, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' First Amended Chapter 11 Plan of Reorganization Under*

*Chapter 11 of the Bankruptcy Code* [Docket No. 687] (the "Confirmation Order") confirming the Debtors' *First Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*.

6. On October 29, 2019, the Court entered a consent order [Docket No. 783] confirming the *Debtors' Modified First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 783] (the "Modified Plan").

7. On October 31, 2019, the Effective Date[2] of the Modified Plan occurred. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 792].

**B.    Appointment, Rights, Powers, and Duties
of the Liquidating Trust and Liquidating Trustee**

8. The Liquidating Trust was created pursuant to and to effectuate the Modified Plan, *see* Frank Theaters Liquidating Trust Agreement (the "Liquidating Trust Agreement") at 1[3], and for the purpose of distributing the Liquidating Trust Assets to the Liquidation Trust beneficiaries . . ." Modified Plan at Section V.B.

9. The Modified Plan provides that "[a]s of the Effective Date . . . the Liquidating Trust (for General Unsecured Claims)… shall have the sole authority to [f]ile objections, settle, compromise, withdraw or litigate to judgment objections to all [General Unsecured] Claims." *See* Modified Plan at Section VII.

10. Similarly, pursuant to the Liquidating Trust Agreement, the Liquidating Trustee "shall have the authority to allow, reconcile, and file objections to General Unsecured Claims,

---

[2] *See* Notice of Effective Date [Docket No. 792].

[3] *See Notice of Filing of Plan Supplement for the Debtors' First Amended, Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code,* dated July 11, 2019, at **Exhibit F** [Docket No. 628]

3

Case 18-34808-SLM    Doc 954    Filed 05/01/20    Entered 05/01/20 13:12:56    Desc Main
Document    Page 4 of 6

and to settle, compromise, withdraw, or litigate to judgment objections to any and all General Unsecured Claims." *See* Liquidating Trust Agreement, at Section 3.3.

**C.**    **The Bar Date and Claims Reconciliation Process**

11.    On January 25, 2019, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs.

12.    On February 11, 2019, the Court established March 13, 2019 as the bar date for filing claims against the Debtors held by non-governmental entities and June 17, 2019 as the bar date for filing claims against the Debtors held by governmental entities [Docket No. 65].

13.    The official claims register, prepared and maintained by the Debtors' claims agent, reflects that 326 proofs of claim were filed against the Debtors' estates.

14.    Since the Effective Date, the Liquidating Trustee, on behalf of the Liquidating Trust, has been working diligently to review those proofs of claim for which the Liquidating Trust is responsible for objecting, including any supporting documentation accompanying any such proof of claim. The Liquidating Trustee continues to review and reconcile claims for which the Liquidating Trust is responsible.

**D.**    **The Fox Claim**

15.    On February 4, 2019, Claimant filed Claim No. 73 asserting an unsecured claim in the amount of $130,894.89 against Debtor Frank Theatres Bayonne/South Cove LLC.

16.    Also on February 4, 2019, Claimant filed Claim No. 74 asserting an unsecured claim in the amount of $130,894.89 against Debtor Frank Entertainment Group LLC.

17.    The Claimant alleges these amounts are due and owing by Frank Theatres Bayonne/South Cove LLC and Frank Entertainment Group LLC in connection with certain film distribution rights.

18. The Liquidating Trustee, on behalf of the Liquidating Trust, asserted an informal objection with respect to the Claims. As a result, the Liquidating Trustee and the Claimant engaged in negotiations and have reached a consensual resolution with respect to the Claims. This resolution is memorialized in the Consent Order and avoids the need for formal litigation with respect to the Claims.

### RELIEF REQUESTED AND BASIS FOR RELIEF

19. By this Application, the Liquidating Trust seek entry of the Consent Order, in lieu of a motion, pursuant to Local Rule 9021-1(b).

20. Pursuant to the Consent Order, (i) the Liquidating Trustee has agreed to the allowance of Claim No. 74 as a General Unsecured Claim (as defined in the Modified Plan) in the amount of $90,891.23 and (ii) the parties have agreed that Claim No. 73 shall be withdrawn and expunged with prejudice.

21. The proposed Consent Order is in the best interests of the Liquidating Trust and its creditors because it avoids the need for formal litigation with respect to the Claims and the attendant cost associated therewith. Accordingly, the Liquidating Trust respectfully submit that the Court should enter the proposed Consent Order pursuant to Local Rule 9021-1(b).

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter the Consent Order in accordance with Local Rule 9021-1(b) and grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2020

/s/ Joseph L. Schwartz
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz (JS-5525)
Tara J. Schellhorn (TS-8155)
Headquarters Plaza, One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: (973) 583-0800
Facsimile: (973) 583-1984
Email: jschwartz@riker.com
          tschellhorn@riker.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (NJ Bar No. BS-1367)
Shirley S. Cho (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
E-mail:  bsandler@pszjlaw.com
          scho@pszjlaw.com

*Counsel to the Liquidating Trust*

5130515v1