| | |
|---|---|
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz (JS-5525)<br>Tara J. Schellhorn (TS-8155)<br>Headquarters Plaza, One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>Telephone: (973) 583-0800<br>Facsimile: (973) 583-1984<br>Email: jschwartz@riker.com<br>            tschellhorn@riker.com | PACHULSKI STANG ZIEHL & JONES LLP<br>Bradford J. Sandler (NJ Bar No. BS-1367)<br>Robert J. Feinstein (admitted *pro hac vice*)<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>E-mail:  bsandler@pszjlaw.com<br>            rfeinstein@pszjlaw.com |

*Counsel to the Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FRANK THEATRES BAYONNE/SOUTH COVE, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 18-34808 (SLM)<br><br>(Jointly Administered) |

**LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN
ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE
LIQUIDATING TRUSTEE MAY OBJECT TO GENERAL UNSECURED CLAIMS**

Advisory Trust Group, LLC, in its capacity as Trustee (the "Liquidating Trustee") of the Frank Theatres Liquidating Trust (the "Liquidating Trust"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal

---

[1] The Post-Confirmation Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank All Star Theatres, LLC (0420); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); and Galleria Cinema, LLC (2529).

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), further extending by one hundred eighty two (182) days the period within which the Liquidating Trustee may object to General Unsecured Claims (as described in the Plan) filed against the Debtors' estates. In support of this Motion, the Liquidating Trustee respectfully represents:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are Bankruptcy Rule 9006(b)(1) and Local Rule 3007-1.

## BACKGROUND

**A.    General Background**

4. On December 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

5. On July 29, 2019, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' First Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 687] (the "Confirmation Order") confirming the Plan.

6. On October 29, 2019, the Court entered the *Consent Order Confirming the Debtors' Modified First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 783] (the "Plan").

7. On October 31, 2019, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 792] (the "Effective Date Notice").

## B. Appointment, Rights, Powers and Duties of the Trustee

8. Pursuant to the Plan, "[a]s of the Effective Date…the Liquidating Trust (for General Unsecured Claims)…shall have the sole authority to [f]ile objections, settle, compromise, withdraw or litigate to judgment objections to all Claims." *See* Plan at Section VII.

9. Pursuant to the *Frank Theaters Liquidating Trust Agreement* (the "Liquidating Trust Agreement"), the Liquidating Trustee "shall have the authority to allow, reconcile, and file objections to General Unsecured Claims, and to settle, compromise, withdraw, or litigate to judgment objections to any and all General Unsecured Claims." *See* Liquidating Trust Agreement, at section 3.3.

10. The Plan provided that the Claims Objection Deadline was the date that is ninety (90) days after the Effective Date for General Unsecured Claims; provided that the Liquidating Trustee may seek extension(s) of such deadline subject to Bankruptcy Court approval and with notice only to parties that have requested such notice pursuant to Bankruptcy Rule 2002. *See* Plan at section VII. Accordingly, the original Claims Objection Deadline for General Unsecured Claims was January 29, 2020.[2]

---

[2] Under the Plan, the Claims Objection Deadline does not apply to Administrative Expense Claims, Priority Tax Claims, Miscellaneous Secured Claims, and Non-Tax Priority Claims (the "Other Claims"). The Claims Objection Deadline for the Other Claims has been enlarged and extended through and including the later of: (i) June 19, 2020, or (ii) forty-five (45) days after a Relevant Claim is amended, if the Administrative and Priority Claims Agent does

11. On December 20, 2019, the Liquidating Trustee filed the *Liquidating Trust's Motion for Entry of an Order Extending the Period Within Which the Liquidating Trustee May Object to General Unsecured Claims* [Docket No. 840] (the "Motion"). On January 14, 2020, the Court entered the *Order Extending the Period Within Which the Liquidating Trust May Object to General Unsecured Claims* [Docket No. 846] extending the Claims Objection Deadline through and including the later of: (a) July 27, 2020, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

12. On June 3, 2020, the Liquidating Trustee filed the Liquidating Trust's Motion for Entry of an Order Further Extending the Period Within Which the Liquidating Trustee May Object to General Unsecured Claims [Docket No. 972] (the "Motion"). On June 30, 2020, the Court entered the Order Further Extending the Period Within Which the Liquidating Trust May Object to General Unsecured Claims [Docket No. 982] extending the Claims Objection Deadline through and including the later of: (a) January 25, 2021, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

**RELIEF REQUESTED**

13. As stated above, the current Claims Objection Deadline is January 25, 2021. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1) and Local Rule 3007-1(c), the Liquidating Trust seeks further extension of the Claims Objection Deadline for another one hundred eighty two (182) days through and including the later of: (a) Monday, July 26, 2021, or

---

not receive the benefit of the extended Relevant Claims Objection Deadline set forth in clause (i) in this paragraph.. The Liquidating Trustee is not seeking to further extend any deadlines with respect to the Other Claims.

(b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

14. The Liquidating Trustee further requests that the order approving this Motion be without prejudice to the rights of the Liquidating Trustee to seek further extensions of the Claims Objection Deadline.

## BASIS FOR RELIEF

15. The Plan vests the discretion to object to claims in the Liquidating Trustee. *See* Plan at Section VII.  Although the Plan sets an initial deadline by which such challenges must be raised, it also expressly contemplates extension of the Claims Objection Deadline by order of the Court.  *See id*.  Section VII also provides that the Liquidating Trustee "may each seek extension(s) of such deadline subject to Bankruptcy Court approval and with notice only to parties that have requested such notice pursuant to Bankruptcy Rule 2002."

16. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Furthermore, nothing in the Bankruptcy Code may be construed to preclude the Court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  *Id.*

17. Bankruptcy Rule 9006(b) also makes clear that the Court may extend unexpired time periods without notice.  Specifically, Rule 9006(b) states that:

> when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).  The Claims Objection Deadline has not yet expired, and accordingly, the Court is authorized to grant the relief requested herein.

18. Since the Effective Date, the Liquidating Trustee has retained professionals, established its bank account, coordinated information requests of the Debtors and engaged in a review and investigation of assets and disposition of property, and analysis of the filed claims.  To date, it has filed six omnibus objections to claims in which it objected to approximately eighty claims, and it has entered into eight stipulations resolving certain general unsecured claims.

19. There remain approximately one hundred and twenty five filed general unsecured proofs of claim pending that require review and analysis.  In addition, as a result of claims objections and stipulations filed and entered into by the Administrative and Priority Claims Agent, who is responsible for reviewing and reconciling the Administrative Expense, Priority Tax, Misc. Secured, and Non-Tax Priority Claims under the Plan, approximately thirty claims have been reclassified as general unsecured claims without prejudice to the Liquidating Trust's right to object to such claims.

20. The Liquidating Trust has not had a sufficient opportunity to analyze the merits of all of the asserted and as yet unresolved Claims.  Accordingly, the Liquidating Trustee seeks additional time to review and analyze the remaining unresolved claims in order to determine whether objections (or other actions) are appropriate.  The Liquidating Trustee submits that extending the Claims Objection Deadline is in the best interests of all stakeholders.  The extension sought will afford the Liquidating Trustee and its professionals an opportunity to make more fully informed decisions concerning the resolution of pending general unsecured claims in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors.

21. Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection. Rather, the extension is intended to promote the efficient administration of these Cases and the claims allowance process. Absent the requested further extension of the Claims Objection Deadline, the Liquidating Trustee will either be precluded from challenging invalid, misclassified, and/or overstated claims, or it will be forced to file hastily prepared protective objections without the benefit of a full review and analysis and incur the cost of doing so.

22. For the reasons set forth above, the Liquidating Trustee submits that extending the Claims Objection Deadline through and including the later of: (a) Monday, July 26, 2021, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim is necessary, prudent, and in the best interests of all stakeholders. This is the third requested extension.

## **RESERVATION OF RIGHTS**

23. The Liquidating Trustee hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

## **NOTICE**

24. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties who have requested service of notices in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Liquidating Trustee respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline as requested herein, and such other and further relief as is just and proper.

Dated: December 22, 2020

                                        */s/ Joseph L. Schwartz*
                                        RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz (JS-5525)
Tara J. Schellhorn (TS-8155)
Headquarters Plaza, One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: (973) 583-0800
Facsimile: (973) 583-1984
Email: jschwartz@riker.com
          tschellhorn@riker.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (NJ Bar No. BS-1367)
Shirley S. Cho (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
E-mail: bsandler@pszjlaw.com
         scho@pszjlaw.com

*Counsel to the Liquidating Trust*

5238541v1